**Alfred COLEMAN and Edward J. McClennan, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 20227.

United States Court of Appeals
Ninth Circuit.

Dec. 4, 1968.

Certiorari Denied March 10, 1969.
See 89 S.Ct. 1014.

George Nilsson (argued), Monta W. Shirley, Los Angeles, Cal., W. Howard Gray, Reno, Nev., Howard A. Twitty and George E. Reeves, Phoenix, Ariz., W. H. Weddell, San Bernardino, Cal., for the appellants.

Wm. M. Byrne, Jr., U. S. Atty., Los Angeles, Cal., Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis, Atty., Dept. of Justice, Stewart Udall, Sec. of the Interior, Washington, D. C., for appellee.

Before CHAMBERS and JERTBERG, Circuit Judges, and THOMPSON, District Judge.

PER CURIAM:

The mandate of the Supreme Court of the United States in this case declares:

"ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Court that the judgment of the said United States Court of Appeals in this cause be, and the same is hereby, reversed; and that this cause be, and the same is hereby, remanded to the United States Court of Appeals for the Ninth Circuit for further proceedings in conformity with the opinion of this Court."

The Opinion of that Court referred to in the mandate states: " * * * [W]e hold that the United States is entitled to eject respondents from the land and that respondents' counterclaim for a patent must fail." [390 U.S. 599, 88 S.Ct. 1327, 20 L.Ed.2d 170.]

The judgment of the District Court from which this appeal was taken orders, adjudges and decrees:

"1. That the plaintiff, United States of America, is declared to be the sole owner of all right, title and interest in the lands described herein to the exclusion of any right, title or interest in any asserted mining claims or mining locations of the defendants herein.

"2. That the counterclaim of the defendant Alfred Coleman herein be, and hereby is dismissed.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants herein, their agents, and others acting in concert with or participating with them, are each and all,

"1. Restrained and enjoined from using, occupying or maintaining any structures, equipment or other personal properties on the land described in the complaint herein and set forth in detail in the answer of defendants.

"2. Restrained and enjoined from entering upon, or being upon said lands for the purpose of using and occupying the same pursuant to any asserted mining claims of said defendants, or of either of them, or for the purpose of operating or using any claimed mining locations thereon, or for the purpose of doing any acts or things thereon related to or claimed to be related to said mining claims or mining locations.

"3. Restrained and enjoined from interfering with, impeding, obstructing, or resisting plaintiff, United States of America, its officers or employees, departments or agencies, in any acts or things done or to be done in the exercise of the United States' complete control and dominion over said lands, upon condition that the defendants have 60 days from final judgment on appeal or otherwise, within which to remove or otherwise dispose of structures or any other property on said lands; and

"4. That each party shall bear its costs of suit herein."

This judgment is in complete conformity with the mandate and opinion of the Supreme Court.

Appellant has moved for a hearing or rehearing, hoping that this Court will find in the mandate of the Supreme Court room for discretion to award a new trial or new hearing either in the administrative procedure in the Department of the Interior or before the District Court to determine issues not explicitly discussed and disposed of by the Supreme Court. We find no such ambiguity or flexibility in the mandate and opinion from the Supreme Court. Accordingly,

It is ordered that the Judgment entered by the United States District Court, Southern District of California, Central Division (now the Central District of California) on February 25, 1965, is affirmed.

CHAMBERS, Circuit Judge (concurring):

There is a puzzle here: Why did the Supreme Court remand the case to us?

But I have reluctantly concluded it left us no discretion. I have tried and failed to find some way we could salvage some part of our original opinion (see 363 F.2d 190) for which I retain my fondness.