Ruby CONWAY et al.,
Plaintiffs-Appellees,

v.

CHEMICAL LEAMAN TANK LINES, INC., Defendant-Appellant,

The Fidelity & Casualty Company of New York, Intervenor-Appellee.

No. 74–2856.

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1976.

Dale Dowell, Beaumont, Tex., for defendant-appellant.

Harold Peterson, Beaumont, Tex., for defendant-appellant.

Ned Johnson, Wendell C. Radford, Beaumont, Tex., for Fidelity & Cas. Co., etc.

Before BROWN, Chief Judge, RIVES and GEE, Circuit Judges.

GEE, Circuit Judge:

This Texas diversity case arises from a judgment against appellant in a wrongful death action filed by the widow, sons and employer of Robert E. Conway. The only issues on appeal involve the judgment in favor of Ruby Conway, and we affirm the judgments in favor of the other appellees. With respect to her, we reverse and remand because of the improper refusal to permit reference to Mrs. Conway's subsequent ceremonial marriage.

■ In June 1974, when this case was tried, Fed.R.Civ.P. 43(a) was in effect and provided that any evidence admissible in a Texas state court was admissible in this federal court.[1] Between the time of the accident in which Mr. Conway died and the trial, Tex.Rev.Civ. Stat.Ann. art. 4675a (Supp.1974) became effective. This statute provides:

In an action under this title, evidence of the actual ceremonial remarriage of the surviving spouse is admissible, if such is true, but the defense is prohibited from directly or indirectly mentioning or alluding to any common-law marriage, extramarital relationship, or marital prospects of the surviving spouse.

In an opinion issued since the trial of this case, the Texas Supreme Court has ruled that Article 4675a is applicable in a wrongful death action tried after the statute became effective even though the fatal accident occurred before the effective date. *Exxon Corp. v. Brecheen*, 526 S.W.2d 519 (Tex.1975). This case is controlling as to the applicability of the statute, and therefore it would have been error, had trial been in state court, to have excluded evidence of Mrs. Conway's remarriage and prohibited reference to it.

■ However, Mrs. Conway urges that this was harmless error within the meaning of Fed.R.Civ.P. 61.[2] The standard for assessing whether an error is harmless is provided by *Kotteakos v. United States*, 328 U.S. 750, 764, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557, 1566–67 (1946):[3]

If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand, except perhaps where the departure is from a constitutional norm or a specific command

1. Fed.R.Civ.P. 43(a) provided in relevant part:
All evidence shall be admitted which is admissible under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on the hearing of suits in equity, or under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. In any case, the statute or rule which favors the reception of the evidence governs and the evidence shall be presented according to the most convenient method prescribed in any of the statutes or rules to which reference is herein made.

2. Fed.R.Civ.P. 61 provides:
No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

3. While *Kotteakos* is a criminal case, it is apparent from the text that the same standard should be employed to assess harmless error in a civil case. *See* 328 U.S. at 757 n. 9, 66 S.Ct. 1239.

of Congress. *Bruno v. United States,* supra, 308 U.S. [287] at page 294, 60 S.Ct. [198] at page 200 [84 L.Ed. 257, 260]. But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. (footnote omitted)

We cannot say that the erroneous exclusion of evidence was harmless in this case. The combination of the fact that the action was filed in Mrs. Conway's previous name and the district court's refusal to allow a reference to her current legal name during voir dire clearly limited appellant's ability to employ its peremptory challenges intelligently. Appellant also was precluded from testing by cross-examination that portion of the direct examination which proceeded:

Q: Was this your only marriage?

A: Yes, sir.

We need not and do not go so far as to adopt appellant's suggestion that this was a deliberate misrepresentation by either Mrs. Conway or her attorney. Suffice it to say. that the exchange sails close to the wind indeed and carries a high potential for erroneous inference by the jury, one which cross-examination should have been permitted to clarify even in the absence of the Texas statute. Finally, although the assessment of whether a given error is harmless is a question involving the application of federal law,[4] our conclusion draws substantial support from the conclusion of the Texas Supreme Court that a disregard of Article 4675a cannot be harmless error.[5]

▮▮ Since a retrial of this case will be conducted under the new Federal Rules of Evidence, we must discuss their impact on the admissibility of evidence

of Mrs. Conway's remarriage in order to demonstrate that the exclusion of this evidence would also be error under the new Rules. The admissibility of evidence, including the particular kind of evidence involved in this case, is now governed by the Rules rather than by state law. *See* Fed.R.Evid. 402. The policy of the new Rules is one of broad admissibility, and the generous definition of "relevant evidence" in Rule 401 was specifically intended to provide that background evidence (the fact of remarriage is a part of Mrs. Conway's background) is admissible. *See generally,* Advisory Committee's Note, 56 F.R.D. 183, 215–16 (1972). Although the Rules do not deal specifically with proof of a surviving spouse's remarriage, their treatment of comparable issues suggests that the evidence is admissible for background and perhaps various other limited purposes. *See* Fed.R.Evid. 407 (admissibility of subsequent remedial measures); Fed.R.Evid. 411 (admissibility of liability insurance coverage). We commend the dissent in *Bell Aerospace Corp. v. Anderson,* 478 S.W.2d 191 (Tex.Civ.App.-El Paso 1972) (Preslar, J., dissenting), as a statement of reasons supporting admission of evidence of a remarriage. However, we note that the Texas courts continue to hold, despite Article 4675a, that evidence of a widow's remarriage is not admissible in mitigation of damages. *Richardson v. Holmes,* 525 S.W.2d 293, 298 (Tex.Civ.App.-Beaumont 1975, writ ref'd n. r. e.). Since under *Erie* state law governs the measure of damages, including admissibility and jury consideration of particular issues,[6] the evidence of Mrs. Conway's remarriage is not admissible on remand for the purpose of mitigating damages, and the jury should be so instructed.

▮▮ Finally, Mrs. Conway argues that Article 4675a is unconstitutional be-

4. *See* 11 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2883 (1973).

5. *Exxon Corp. v. Brecheen, supra.*

6. *See Weakley v. Fischbach & Moore, Inc.,* 515 F.2d 1260, 1267 (5th Cir. 1975) (evidence of inflation); *New Amsterdam Casualty Co. v. Soileau,* 167 F.2d 767, 771 (5th Cir.), *cert. denied,* 335 U.S. 822, 69 S.Ct. 45, 93 L.Ed. 376 (1948) (evidence of defendant's ability to pay damages).

cause its discrimination between ceremonial and common-law marriages violates the Equal Protection Clause of the Fourteenth Amendment. Mrs. Conway does not and could not assert that the distinction between ceremonial and common-law marriages drawn by Article 4675a infringes a fundamental interest or discriminates on the basis of a suspect classification. Therefore, the statute is invalid only if it has no "rational relationship" to a legitimate state purpose. *San Antonio Independent School District v. Rodriguez*, 411 U.S. 1, 44, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); *McGowan v. Maryland*, 366 U.S. 420, 425–26, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). The Texas Legislature could rationally conclude that the moral or religious feelings aroused by admission of the sort of evidence required to establish a common-law marriage would be so injurious to the surviving spouse that the risk to his or her rights exceeds the procedural benefits accruing from the evidence. We hold that Article 4675a is constitutional.

Reversed and remanded.