**Ruby CONWAY et al.**

v.

**CHEMICAL LEAMAN TANK LINES, INC.**

**Civ. A. No. B–73–CA–225.**

United States District Court,
E. D. Texas,
Beaumont Division.

April 23, 1980.

Harold Peterson, Wendell Radford, Beaumont, Tex., for plaintiffs.

Dale Dowell, Beaumont, Tex., for defendant.

MEMORANDUM OPINION ON REMAND FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Joe J. FISHER, District Judge.

I

As required by the mandate of the United States Court of Appeals for the Fifth Circuit, this Court enters judgment for the Defendant, Chemical Leaman Tank Lines, Inc., upon the verdict of the jury in the second trial of this action.

II

With all respect for the Court of Appeals, I nevertheless feel compelled to point out

my disagreement with their decision. See *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360 (5th Cir. 1980), rehearing en banc denied, 614 F.2d 1298 (5th Cir. 1980).

The form of verdict used in the second trial of this action requested the jury to determine whether either the Defendant, Chemical Leaman Tank Lines, Inc. ("Chemical Leaman"), or the deceased, Robert Eugene Conway, was guilty of negligence and, if so, to state what specific act or acts constituted the negligence. The jury answered the questions in the verdict form [1] by finding that both Chemical Leaman and the deceased were guilty of negligence. Thus, under the law of the case, the Plaintiffs were precluded from recovery in tort.[2] However, when asked what specific act of negligence was committed by each party, the jury found that both the Chemical Leaman driver and the deceased drove "too close to the center line" of the highway thereby causing the collision of the two trucks. Because I was of the opinion that driving "too close to the center line" and not *across* it could not have been an act of negligence, much less the proximate cause of the collision, and that at least one of the trucks had to have been *across* the center line to have caused the collision, I set aside the verdict and granted a new trial. Fed.R. Civ.P. 49(b) ("When . . . one or more [of the jury's answers] is . . . inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial."); 5A *Moore's Federal Practice* ¶ 49.-04 (2d ed. 1980) ('When the [jury's] answers are consistent with each other but one or

more is inconsistent with the general verdict, the court may . . . order a new trial.').

Although the Court of Appeals was able to dispose of my concerns by summarily concluding that "[c]learly . . . the jury's answers to the interrogatories are a verdict and *do* support a judgment for the defendant," *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d at 362 (emphasis in original), I remain unpersuaded. As a district court judge, each day I face litigants who have suffered losses and come to the courthouse seeking a remedy. Too, I see those who feel that they have been unjustly charged with harming another. This daily contact with litigants during the presentation of their cases has convinced me of the value of ensuring that each party has his case fully and fairly decided by the judge and jury so that justice may be done. When a reasonable likelihood exists that the jury has evaluated a litigant's case improperly by answering general and special interrogatories inconsistently, this doubt should be resolved by granting that litigant a new trial. Fairness requires no less.

In sum, I find myself in a position similar to that occupied by Judge Gee, coincidently a member of the panel on both appeals in this action,[3] when, in another case, he once felt compelled to write:

Subordinate magistrates such as I must either obey the orders of a higher authority or yield up their posts to those who will. I obey, since in my view the action required by the Court's mandate is only to follow a mistaken course and not an evil one.

---

1. The verdict form with the answers of the jury is reproduced in the opinion of the Court of Appeals. See *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 361–62 (5th Cir. 1980).

2. The accident out of which this action arose occurred before Texas abolished the contributory negligence bar. Thus, the negligence of the deceased barred the Plaintiffs' recovery under the Texas Wrongful Death Act. *Lofton v. Norman*, 508 S.W.2d 915, 922 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.) (contributory negligence of decedent precludes recov-

ery by surviving wife and child under the Texas Wrongful Death Act).

3. Judge Gee was a member of both the Fifth Circuit panel that heard the appeal after the first trial of this action, see *Conway v. Chemical Leaman Tank Lines, Inc.*, 525 F.2d 927 (5th Cir. 1976), *reh'g*, 540 F.2d 837 (5th Cir. 1976), as well as the panel that heard the appeal after the second and third trials of this action, see *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360 (5th Cir. 1980).

*Weber v. Kaiser Aluminum & Chem. Corp.*, 611 F.2d 132, 133 (5th Cir. 1980).