Ruby CONWAY et al.,
Plaintiffs-Appellees,

v.

CHEMICAL LEAMAN TANK LINES, INC., Defendant-Appellant.

No. 80–2034.

United States Court of Appeals,
Fifth Circuit.
Unit A

May 11, 1981.

Rehearing and Rehearing En Banc
Denied June 9, 1981.

**1060**

Dale Dowell, Beaumont, Tex., for defendant-appellant.

Harold Peterson, Beaumont, Tex., for plaintiffs-appellees.

Before BROWN and TATE, Circuit Judges, and SMITH *, District Judge.

TATE, Circuit Judge:

The narrow issue before us on this interlocutory appeal from the grant of a new trial, allowed by another panel of this court, is whether the district court's order granting a new trial offends "law of the case" principles and policies against piecemeal appeals. The district court here granted a new trial on one of two grounds urged by the plaintiff's motion, after the appellate court had reversed an earlier grant of a new trial based upon *another* ground urged by the plaintiffs' motion. Finding that neither trial nor appellate court had previously passed upon the ground for a new trial now relied upon by the district court, we affirm the district court order granting it.

*Facts*

In this Texas diversity tort suit, a jury returned a verdict in favor of the defendants on January 7, 1977.[1] The plaintiffs moved for a new trial and to set aside this jury verdict on two grounds (see *infra*). Without reaching the second ground, the

---

* District Judge of the Northern District of Mississippi, sitting by designation.

1. This was actually a second trial. A favorable verdict in favor of the plaintiffs on a first trial was reversed on appeal because of evidentiary rulings. *Conway v. Chemical Leaman Tank Lines, Inc.*, 540 F.2d 837, 525 F.2d 927 (5th Cir. 1976).

district court granted a new trial on the first ground (hereinafter the "first ground") only, the alleged inconsistency of jury answers to special interrogatories with the jury verdict and the lack of evidence to support them if construed as favorable to the defendant. At the third (*see* note 1) trial thereby resulting, the jury returned a verdict in favor of the plaintiffs. On appeal from the resulting judgment—without reaching the merits of the defendant's complaints as to the jury verdict—this court reversed, holding that the district court had erroneously granted a new trial on the first ground. *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360 (5th Cir. 1980). We concluded that "[s]ince by that [the second-trial] verdict the jury determined that the negligence of plaintiffs' decedent was a proximate cause of his death, the judgment below is reversed, and the cause is remanded with instructions to enter judgment upon that verdict for the defendant." 610 F.2d at 637.

It is important to note at this point that the appellate court discussed and passed upon only the first ground urged by the plaintiffs' motion for a new trial. Nor did the briefs of the parties at that appeal rely upon or discuss the second ground urged by the plaintiffs' motion for a new trial after adverse verdict at the January, 1977 trial, which the district court did not pass upon or refer to in its order setting aside the jury verdict in favor of the defendants at that trial.

Upon receipt of the mandate from the appeal court, a judgment was entered for the defendant upon the verdict for the jury in the second trial. 487 F.Supp. 647 (E.D. Tex.1980). The plaintiffs then reurged the second ground of their motion for a new trial as to the jury verdict of January, 1977. This second ground was based upon the trial court's evidentiary error in allowing, over the plaintiffs' objection, a surprise expert witness on accident reconstruction to testify for the defendant, when this expert had not been listed as a witness on the pretrial order nor furnished by the defendant to the plaintiffs' attorney prior to trial.[2] The district court, first finding that it had jurisdiction to entertain this reurged ground and that the "law of the case" did not forbid its consideration, then found that a new trial should be granted on that ground. The district court held that the plaintiffs had been unfairly and prejudicially surprised by the introduction of the expert's strong detrimental testimony and that, therefore, the trial was fundamentally unfair.[3]

### *"Law of the Case"*

The "law of the case" doctrine, a restriction self-imposed by the courts on themselves in the interests of judicial efficiency, generally operates to preclude a reexamination of issues decided on appeal, either by the district court on remand or by the appellate court itself upon a subsequent appeal. *Lehrman v. Gulf Oil Corporation*, 500 F.2d 659, 662–63 (5th Cir. 1974); 1B

2. See paragraph V, plaintiff's original motion for a new trial:

So as not to waive same, Plaintiffs and Intervenor would further assert as a basis for a new trial that this Honorable Court erred during the course of the trial, over the timely and proper objection of the Plaintiffs' counsel herein, in permitting the Defendant's witness, Arnold Hay, to testify as to certain facts and to state opinions as an expert witness as such witness for the Defendant was not listed on the Defendant's list of witnesses, nor was Plaintiffs' attorney or Intervenor advised prior to trial that such witness would testify as an expert on accident reconstruction. Further in this regard, this was the only live witness called by the Defendant as an expert in the field of accident reconstruction and this witness testified to certain opinions and conclusions regarding the collision in question, and such testimony wholly surprised Plaintiffs and Intervenor herein. Likewise, Plaintiffs and Intervenor were not afforded the opportunity to examine such expert's opinions, factual observations and conclusions prior to the trial of this case as dictated by the standards of fairness and openness under the Rules of Practice in the Federal Courts.

3. The defendant's briefs and arguments on this appeal do not contend that the grant of a new trial on that basis, if done initially, would have constituted an abuse of discretion. The defendant's argument, rather, is directed at the validity of the district court's action as tested by law-of-the-case principles.

Moore's Federal Practice ¶ 414[10] (2d ed. 1974); James & Hazard, Civil Procedure § 11.5 (2d ed. 1977). "As a general rule if the issues were decided, either expressly or by necessary implication, those determinations of law will be binding on remand and on a subsequent appeal." *Lehrman, supra,* 500 F.2d at 663. Even if the prior appellate decision did not explicitly discuss the issues, nevertheless the law of the case operates to preclude their reconsideration on remand if the appellate decree necessarily or implicitly resolved them adversely to the party now seeking to reurge them. *Lehrman, supra,* 500 F.2d at 664–65; *Coleman v. United States,* 405 F.2d 72 (9th Cir. 1968).

■ On the other hand, unlike common law res judicata, the law of the case established by a prior appeal does not extend to preclude consideration of issues not presented or decided on the prior appeal. The law of the case doctrine "does not include all questions which were present in a case and which might have been decided but were not." *Lehrman, supra,* 500 F.2d at 663. "[T]he doctrine of the law of the case applies only to the issues decided, not to all those presented for decision but left answered." *Id.* at 665.

■ In the present appeal, thus, the plaintiffs reurge a timely asserted ground for a new trial, a ground upon which the trial court now grants a new trial because of prejudicial error producing a jury verdict tainted by a fundamentally unfair trial. Through no fault of the plaintiffs, the district court did not rule upon it at the time initially presented—instead, granting a new trial upon another ground urged, one that the appellate court (without adverting to the fundamental-unfairness ground now before us) held to be deficient.

The plaintiffs have not had their day in court as to this second ground, upon which the present order for a new trial is based. The law of the case doctrine did not operate to prevent the district court from considering it, a meritorious issue never previously passed upon by it and never submitted to or decided by the appellate court on the previous appeal. The new trial so granted was within the power of the district court to grant.

*Other Contentions*

■ The defendant contends that the plaintiffs abandoned their second ground urged for a new trial by not taking a cross-appeal at the time the defendants appealed from the judgment entered on the third jury verdict. The defendant suggests that, despite the plaintiffs' contrary contention, the plaintiffs indeed had an opportunity by cross-appeal to have their day in appellate court as to the second ground, but that by failing to cross-appeal they abandoned it. Aside from the lack of authority cited to require compulsory cross-appeal under these circumstances, a cross-appeal by the plaintiffs would have raised an issue not decided by the district court that, in all likelihood, would not have been considered by the appellate court, at least without further remand to the trial court for initial decision. We do not find this contention to be meritorious.

■ Of course, following judgment entered on the verdict on the new trial, the defendant will be entitled to full appellate review, whether that new trial be in fact a (fourth) trial de novo or instead a judgment entered on the verdict at the previous (third) trial, as to which the previous appeal did not reach the merits, *supra,* 610 F.2d at 637. At oral argument, it was suggested that, since (as it turns out) the third trial was properly permitted, therefore the correctness of that trial and a judgment from the resulting verdict—to be re-entered upon the remand, after our affirmance of the grant of a new trial—is now open to review by appropriate motions, appeals, or both; this procedure might obviate a fourth trial, a practically wasteful result, absent errors in the third trial. We express no views as to this suggestion, since the issue is not squarely presented to us and since it may never arise.

*Conclusion*

For the reasons assigned, therefore, we AFFIRM the order of the district court granting a new trial.

AFFIRMED.