TRANS WORLD AIRLINES, INC., et al., Plaintiffs–Appellees,

v.

Dan MORALES, Attorney General of the State of Texas, et al., Defendants–Appellants.

No. 90–8387
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 18, 1991.

Robert F. Manifold, Asst. Atty. Gen., Seattle, Wash., for Atty. Gen. of Washington.

Jane F. Wheeler, Ned Bastow, Asst. Attys. Gen., Oklahoma City, Okl., for Atty. Gen. of Oklahoma.

Hugh Kenny, Sr. Asst. Atty. Gen., Cheyenne, Wyo., for Atty. Gen. of Wyoming.

Timothy Wood, Asst. Atty. Gen., Salem, Or., for Atty. Gen. of Oregon.

Clayton S. Friedman, Asst. Atty. Gen., St. Louis, Mo., for Atty. Gen. of Missouri.

Ernest L. Sarason, Jr., Asst. Atty. Gen., Dept. of Atty. Gen., Consumer Protection Div., Boston, Mass., for Atty. Gen. of Massachusetts.

Charlotte H. Rappuhn, Asst. Atty. Gen., Nashville, Tenn., for Atty. Gen. of Tennessee.

Andrea C. Levine, Asst. Atty. Gen., New York St. Dept. of Law, New York City, for Atty. Gen. of New York.

Robert J. Lamont, Sen. Dep. Atty. Gen., Charleston, W.Va., for Atty. Gen. of West Virginia.

Lisa Barrett, Asst. Atty. Gen., Montpelier, Vt., for Atty. Gen. of Vermont.

Catherine K. Broad, Dep. Atty. Gen., Office of Atty. Gen., Boise, Idaho, for Atty. Gen. of Idaho.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, S.D., for Atty. Gen. of South Dakota.

Vincent DeMarco, Asst. Atty. Gen., Baltimore, Md., for Atty. Gen. of Maryland.

David Woodward, Sp. Asst. Atty. Gen., St. Paul, Minn., for Atty. Gen. of Minnesota.

Carmen D. Claudio, Asst. Atty. Gen., Phoenix, Ariz., for Atty. Gen. of Arizona.

Robert T. Stephan, Atty. Gen., Topeka, Kan., for Atty. Gen. of Kansas.

James C. Gulick, Sp. Atty. Gen., N.C. Dept. of Justice, K.D. Sturgis, Asst. Atty. Gen., Raleigh, N.C., for Atty. Gen. of North Carolina.

David W. Huey, Asst. Atty. Gen., Bismarck, N.D., for Atty. Gen. of North Dakota.

Stephen Gardner, Craig Jordan, Asst. Attys. Gen., Dallas, Tex., for Atty. Gen. of Texas.

Robert M. Langer, Asst. Atty. Gen., Hartford, Conn., for Atty. Gen. of Connecticut.

Ellen B. Leidner, Asst. Atty. Gen., Consumer Protection Div., Columbus, Ohio, for Atty. Gen. of Ohio.

Richard L. Cleland, Sp. Asst. Atty. Gen., Iowa Dept. of Justice, Des Moines, Iowa, for Atty. Gen. of Iowa.

Barbara W. Tuerkheimer, Madison, Wis., for Atty. Gen. of Wisconsin.

Albert N. Shelden, Depty. Atty. Gen., San Diego, Cal., for Atty. Gen. of California.

Ronald D. Secrest, David Wilks Corban, Fulbright & Jaworski, Houston, Tex.; Andrew C. Freedman, Fulbright & Jaworski, New York City; Frederick deB. Bostwick, III, Naman, Howell, Smith & Lee, Waco, Tex., for appellants.

John J. Williams, Assoc. Gen. Counsel, Houston, Tex., for Continental Airlines.

Mary McGuire Voog, Mark A. Buckstein, Mt. Kisco, N.Y., for Trans World Airlines, Inc.

Karen K. Crider, Jackson Heights, N.Y., Mark McCall, Sullivan & Cromwell, Washington, D.C., for British Airways PLC.

Before JOHNSON, SMITH and WIENER, Circuit Judges.

PER CURIAM:

Defendants[1] appeal from the district court's grant of Plaintiffs' motion for summary judgment and the imposition of a permanent injunction. Finding no error, this Court affirms.

## I. FACTS AND PROCEDURAL HISTORY

The background facts for this appeal are thoroughly explained in the prior consolidated appeal of this action. *See Trans World Airlines, Inc. v. Mattox*, 897 F.2d 773 (5th Cir.1990). In the prior appeal, a panel of this Court affirmed the district court's issuance of a preliminary injunction. It is necessary here only to note one significant factual event which occurred subsequent to the prior appeal. The district court, after considering this Court's prior opinion, granted summary judgment in favor of Plaintiffs and permanently enjoined the Defendants "and all other parties acting in concert or participating with the Defendnts [sic] or on their behalf, and all other persons having actual knowledge of this order" from

> initiating any enforcement action or actions pursuant to any provision of state law, which would seek to regulate or restrict any aspect of the individually named Plaintiff airlines' air fare advertising or their other operations involving their rates, routes and/or services.

Defendants timely appealed.

## II. DISCUSSION

Defendants advance the following issues in this appeal:

1. Did the district court abuse its discretion by enjoining thirty-four sovereign state attorneys general (including Texas) from enforcing their individual state laws in a case where the district court lacks jurisdiction over the claims of each airline plaintiff because there is no case or controversy?

2. Did the district court abuse its discretion by enjoining these state attorneys general because the court lacked subject matter jurisdiction in fact over these attorneys general?

3. Did the district court abuse its discretion in granting the airlines' request for declaratory relief when it had no inde-

---

**1.** Defendants are attorneys general from the states of Texas, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Florida, Idaho, Illinois, Iowa, Kansas, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, Nevada, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Rhode Island, South Dakota, Tennessee, Vermont, Washington, West Virginia, Wisconsin, and Wyoming.

pendent basis to exercise jurisdiction over the attorneys general?

4. Did the district court abuse its discretion by granting plaintiffs' motion for summary judgment or judgment on the pleadings when the record discloses that material questions of fact exist?

5. Did the district court abuse its discretion by never requiring plaintiffs to respond to each of the issues raised by the thirty-three states' motions to dismiss the amended complaint, never ruling on said motions, never allowing the states the right to answer the amended complaint and never allowing the states the right to develop through discovery facts to contradict plaintiffs' allegations regarding the claimed subject matter jurisdiction of the district court over each and every one of the state attorney general defendants?

6. Did the district court abuse its discretion by extending the scope of its final judgment and permanent injunction to include within its purview "all other persons having actual knowledge of this order"?

7. Did the district court abuse its discretion by permanently enjoining thirty-three sovereign state attorneys general over whom it lacks personal jurisdiction from enforcing their own state false and deceptive advertising and practices laws?

8. Did the district court abuse its discretion by permanently enjoining thirty-three attorneys general as to whom it has no jurisdiction because venue, as to these attorneys general, is not proper in the Western District of Texas because none of them reside in that district and, as to them, the claim, if any, did not arise in that district?

9. Did the district court abuse its discretion by permanently enjoining thirty-three sovereign attorneys general who were improperly held to be parties to the action because the district court does not have personal jurisdiction over these attorneys general?

10. Did the district court abuse its discretion by enjoining thirty-four sovereign state attorneys general from enforcing their state laws prohibiting false and deceptive advertising and practices against false airline advertising because it held that the states were preempted from so enforcing their laws by the terms of 49 U.S.C. section 1305(a)(1)?

11. Did the district court abuse its discretion by extending the permanent injunction to include intervenor Pan Am within its scope?

For the reasons set forth below, this Court finds no abuse of discretion on any of these listed issues.

 Under the law of the case doctrine, an appellate court can refuse to reexamine in a subsequent appeal of the same case issues which were decided either explicitly or by necessary implication in the prior opinion. *Conway v. Chemical Leaman Tank Lines, Inc.,* 644 F.2d 1059, 1061 (5th Cir.1981). While use of the law of the case doctrine is not mandatory, a court is more likely to apply the doctrine when the prior opinion was apparently well-considered, as in the instant case. Defendants concede that the prior opinion, reported at 897 F.2d 773, became the law of the case with respect to the issues listed above as issues 7 through 12. This Court agrees and will not reexamine issues 7 through 12. The law of the case doctrine also applies to other issues as well. In issue 1, Defendants claim that the district court lacked subject matter jurisdiction because of the lack of a case or controversy. Defendants' arguments on this issue are substantially the same as made in the prior appeal. While the prior opinion does not explicitly discuss it, the necessary assumption is that the prior panel found subject matter jurisdiction present. Otherwise, the panel would not have reached the merits and affirmed the preliminary injunction. This same rationale applies to the jurisdictional issue presented in issue.[2] Defendants' arguments in the prior appeal on this issue were substantially the same and the panel implicitly found subject matter jurisdiction.

 Issues 2, 3 and 5 reflect essentially the same argument. Defendants contend that the district court erred in granting summary judgment because there were

unresolved fact issues. Defendants have failed to point out any outstanding factual issue relevant to the judgment. The question of preemption, the cornerstone of the case, is a question of law which the district court could clearly resolve on the basis of the summary judgment evidence available. Further, Defendants' contention that there were unresolved fact issues necessary to determine the existence of subject matter jurisdiction is without merit. As discussed above, the prior panel evidently found subject matter jurisdiction without the need to resolve any fact issue.

 Finally, Defendants argue in issue 6 that the permanent injunction is overly broad by encompassing "all other persons having actual knowledge of this order." The injunction clearly applies to Defendants and Defendants do not contend otherwise. This Court need not decide whether such language is overly broad, however, since Defendants have no standing to assert the rights of hypothetical third parties.

## III. CONCLUSION

The Court finds no reversible error. The district court is affirmed.

AFFIRMED.