United States Court of Appeals,

Fifth Circuit.

No. 93-3544.

Kenneth J. ARENSON, Plaintiff-Appellant,

v.

SOUTHERN UNIVERSITY LAW CENTER, et al., Defendants-Appellees.

Jan. 26, 1995.

Appeal from the United States District Court for the Middle District of Louisiana.

Before JONES, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Kenneth Arenson prevailed in his race discrimination claims before a jury and on appeal to this court, which reversed the district court's grant of judgment against him as a matter of law. Although this court simply reversed the trial court's judgment, the district court ordered a new trial. Arenson lost the second trial. The principal question now is whether the district court could grant a new trial following the first appeal. Fed.Rule Civ.Proc. 50(c) strongly implies that under the facts of this case he could not, and we so hold.

BACKGROUND

Arenson, a white law professor, was denied a tenure track position and was dismissed from his employment at Southern University Law Center ("SULC"). Arenson sued SULC and other defendants for race discrimination actionable pursuant to 42 U.S.C. §§ 1981 and 1983, and Title VII of the Civil Rights Act of 1964. The jury returned a verdict in favor of the plaintiff against Chancellor B.K. Agnihotri and Professor Aaron Harris on his §§ 1981 and 1983 claims. The defendants, whose motion for directed verdict at the end of the trial was denied, moved for judgment as a matter of law[1] and, alternatively, for a new trial. The district court granted judgment as a matter of law on the §§ 1981 and 1983 claims and entered findings of fact and conclusions of law denying the Title VII claim.

---

[1]When the case was tried, this motion was denominated one for judgment notwithstanding the verdict. We use the terminology of the amended rule, however, for clarity.

The court did not rule on the defendants' alternative motion for a new trial as required by Fed.R.Civ.P. 50(c).[2]

On appeal, this court reversed the judgment as a matter of law. *Arenson v. Southern Univ. Law Center,* 911 F.2d 1124 (5th Cir.1990), *cert. denied,* 499 U.S. 949, 111 S.Ct. 1417, 113 L.Ed.2d 470 (1991). In so doing, the court concluded in this "close case", 911 F.2d at 1128, "that the record contains sufficient evidence such that a reasonable jury could find for the plaintiff, and thus [we] reverse the judgment of the district court and reinstate the jury's verdict." 911 F.2d at 1125. This court's first judgment states that the district court judgment is simply "REVERSED."

After the Supreme Court denied certiorari, SULC sought a ruling from the district court on its motion for a new trial. The district court granted that motion. Arenson attempted to appeal to this court, challenging the district court's jurisdiction and arguing that the defendants waived the motion for a new trial by failing to seek a ruling on it in the district court and by failing to appeal the district court's omission. Expressing no opinion as to the merits of the arguments, this court dismissed Arenson's appeal for want of jurisdiction. *Arenson v. Southern Univ. Law Center,* 963 F.2d 88, 90 (5th Cir.1992). Two members of the original appellate panel held that the district court had jurisdiction over the matter, and because the grant of the motion for new trial is an interlocutory order, this court lacked jurisdiction until a final, appealable judgment has been entered.[3]

_____

[2]Rule 50(c)(1) now provides (emphasis added):

> *If the renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the new trial.* If the motion for a new trial is thus conditionally granted, the order does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment has been reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied the appellee may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.

The Rule has not been materially changed by a 1991 amendment.

[3]Perhaps in an attempt to alert the trial court to its error, the second *Arenson* panel cited *Oberman v. Dun & Bradstreet,* 507 F.2d 349, 353 (7th Cir.1974) (see discussion below) in its opinion that dismissed Arenson's interlocutory challenge. *Arenson,* 963 F.2d at 90.

The parties then re-tried the case. At the close of the plaintiff's case, the district court directed a verdict for all defendants except B.K. Agnihotri. The jury returned a verdict for defendant Agnihotri and the district court entered final judgment for the defendants and denied Arenson's motion for a new trial.

Arenson appeals the second judgment below asserting, among other things, that the trial court should not have granted defendants' motion for new trial. The defendants, Arenson contends, waived their motion by not insisting that it be ruled upon after the first trial and by failing to raise such a point in the first appeal. We acknowledge that no matter how it comes out, our decision will not be wholly just. If Arenson prevails, it is on a technical procedural point in a case so close on the merits that two juries came out differently and the trial court evidently believed his first victory was undeserved. If the defendants prevail, Arenson will have had his initial victory snatched away and will have borne the cost of two trials despite having won the first appeal to this court. With that uncomfortable admission aside, we have concluded that Arenson is, technically, right.

First, the trial court erred when it failed to rule on the motion for a new trial contemporaneously with the motion for judgment as a matter of law. Fed.R.Civ.P. 50(c)(1) expressly states, "If the renewed motion for judgment as a matter of law is granted, the court *shall* also rule on the motion for a new trial...." (emphasis added). *See Johnstone v. American Oil Co.,* 7 F.3d 1217, 1224 (5th Cir.1993) (holding that when trial court granted judgment as a matter of law, it also was required to rule on alternative new trial motion), *order on rehearing vacated pending bankruptcy proceedings,* 17 F.3d 728 (5th Cir.1994); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2539, n. 75 (listing cases). Had the trial court ruled on the motion for new trial, this court could have reviewed its ruling on the first appeal. Coupling the trial court's initial failure to rule on the new trial motion, however, with its later grant of relief after the judgment as a matter of law had been reversed, the defendants received two opportunities to overturn the adverse judgment. The court's mistake caused exactly the type of piecemeal litigation that the framers of Rule 50(c)(1) sought to avoid. This case, in which the parties have experienced an extra appeal and trial, exemplifies the delay and waste of judicial resources that can occur if parties are allowed to

resuscitate dormant motions for new trial after the appeals court has once considered a judgment.

Second, when the defendants failed to seek a ruling from the district court on their motion for new trial and failed to mention the new trial motion on appeal, they abandoned the motion. *Johnstone v. American Oil Co.,* 7 F.3d at 1224, so holds: "Because the plaintiffs failed to obtain a ruling on their alternative motion for a new trial from the magistrate judge, and also failed to raise the issue on appeal, we hold that the plaintiffs have abandoned it" (citing *Oberman v. Dun & Bradstreet,* 507 F.2d 349, 353 (7th Cir.1974) (citing *Vera Cruz v. Chesapeake & O.R.R.,* 312 F.2d 330, 332 (7th Cir.), *cert. denied,* 375 U.S. 813, 84 S.Ct. 44, 11 L.Ed.2d 49 (1963))). In *Johnstone,* as in this case, the appellant won a jury verdict that was set aside by the trial court with a judgment as a matter of law. The trial court issued no ruling on the alternative motion for new trial, and the appellee, like the defendants here, neither pressed for a ruling after he won judgment as a matter of law nor raised on appeal the failure of the trial court to grant a new trial. In both cases, the trial court judgments as a matter of law were reversed on appeal.

The only material difference between the instant case and *Johnstone* is that the first appellate panel here did not address the motion for new trial at all, because no such issue was asserted. In *Johnstone,* however, after discussing why it reversed the judgment as a matter of law, the court considered *sua sponte* the motion for new trial. *Johnstone,* 7 F.3d at 1223-24. But this is a distinction without a difference. The first *Arenson* panel did not implicitly sanction the rebirth of the defendants' motion for a new trial through their silence on the issue. Indeed, this is not a case of "pregnant silence." Rather, the silence, when viewed along with the specific wording of its holding, which simply reversed the judgment as a matter of law and reinstated the jury verdict, leaves little doubt that the panel believed that all challenges to the jury's verdict presented to the court had been resolved. *Johnstone* binds this court to conclude that the defendants-appellees abandoned their motion for a new trial.

Appellees offer several arguments defending the grant of new trial and arguing that their motion was not waived. These are without merit. First, relying on *Conway v. Chemical Leaman Tank Lines, Inc.,* 644 F.2d 1059 (5th Cir.1981), they advance the rationale set forth by the trial court.

In *Conway,* after the jury returned a verdict for the defendants, plaintiffs moved for a new trial offering two separate grounds. The trial court granted a new trial based on the first ground and did not rule on the other. On appeal, the new trial on the first ground was reversed. On remand, the trial court granted plaintiff's motion for a new trial on the second ground, which was previously unaddressed in district or appellate court opinions. In the next appeal, this court in *Conway* rejected appellant's argument that the second ground for new trial had been waived and affirmed the grant of new trial on the second ground.

Conway is distinguishable. In *Conway,* the court specifically noted that the district court failed to rule on the alternative ground "[t]hrough no fault of the [movants]." 644 F.2d at 1062. Rule 50(c)(1) commands, as noted, that a new trial motion *shall* be ruled upon at the same time as the motion for judgment notwithstanding the verdict. The Rule had been complied with in *Conway,* even though the court did not reach all grounds asserted by the party who sought a new trial. Here, by contrast, the Rule, whose purpose is to benefit the party attacking a verdict, was not complied with. Further, in *Conway,* the question addressed by this court was whether the plaintiffs, having won their new trial, waived the alternative ground for seeking new trial by failing to cross-appeal. This is a question of federal appellate practice, resolved by the general rule that a party need not raise in this court on cross-appeal alternative grounds to support a favorable judgment. But in this case, the principal error was committed in the trial court by its failure to comply with the clear command of Rule 50(c)(1), and by the defendants' omitting to so inform the court. Consequently, the question here is which party bears the burden of assuring compliance with the rule in the trial court. We hold, as has the Seventh Circuit (*Oberman* and *Vera Cruz, supra* ), that it is the party whose motion invoked Rule 50(c) in the trial court.

Second, Appellees argue half-heartedly that it was as much Arenson's responsibility to seek a ruling on the unresolved motion for a new trial (either before appeal or in the appellate court) as it was theirs. This is nonsensical. Our adversarial system depends on each party, through counsel, zealously to pursue whatever arguments may entitle it to relief. It is the burden of the party seeking the benefit to raise the legal arguments justifying the benefit. Although the grant of a new trial was

an option available to this court on the first appeal, Arenson was within his rights to defend the jury verdict vigorously and seek judgment upon it only. Where the defendants-movants neither pressed for a ruling on the new trial motion in the trial court nor made mention of that issue on appeal, the motion was abandoned, and there was nothing Arenson needed to argue to establish that fact. A waiver is not reversible because a party fails to tell the court that his opponent is waiving all issues not raised. Rather, waiver is automatic and unforgiving. Arenson timely informed the district court of the defendants' waiver when the court, after the first appeal, considered the renewed motion for new trial, and that is all that was required for him to preserve the issue for this appeal.

The rules governing the motions for judgment as a matter of law and, alternatively, for a conditional new trial effectively set up a "use-it-or-lose-it" system requiring the movant to comply with several procedural burdens or lose the right to relief. One such requirement is that the movant must have sought a judgment as a matter of law at the close of all the evidence; another is the 10-day limit for seeking relief after the entry of judgment. Another such burden is that the party who would obtain judgment as a matter of law must request a new trial along with the motion for judgment as a matter of law and must obtain a ruling for the benefit of the appellate court in case the judgment as a matter of law is reversed, or otherwise lose the right to the new trial. The moving party is not disinterested in seeking the conditional grant of new trial. If the trial court were not convinced by the movant's argument for judgment as a matter of law, the trial court might still set aside the jury verdict and order a new trial. And the new trial, if granted, would serve to protect the movant from the jury verdict in case the appellate court reverses a judgment as a matter of law.

In this case, movants failed to "use" their right to seek a new trial by failing to obtain a ruling after the grant of judgment as a matter of law and by failing to note on appeal their new trial motion, and therefore movants have lost the right to seek a new trial after the judgment as a matter of law was reversed. Because Rule 50(c) was not followed, the district court erred in granting a new trial on remand. Consequently, the entry of the judgment upon the subsequent directed verdict and jury verdict in defendants' favor must be REVERSED.

Judgment is hereby RENDERED against Agnihotri and Harris and for the Appellant Arenson

based on the jury verdict reinstated on the first appeal hereof.

REVERSED and RENDERED.