**ROBOSERVE, INC., Plaintiff,**

v.

**KATO KAGAKU CO., LTD., et al., Defendants.**

No. 92 C 5248.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 5, 1996.

*MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Before the court is defendant Kato Kagaku Co., Ltd.'s ("Kato") motion to set the amount to be paid to plaintiff Roboserve, Inc. ("Roboserve") in satisfaction of the judgment for Roboserve on its wrongful termination claim. For the reasons that follow, the court grants Kato's motion.

Kato makes its motion pursuant to Federal Rule of Civil Procedure 60(b), which provides:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from operation of the judgment.

FED.R.CIV.P. 60(b)(5) and (6). Roboserve does not argue that this rule does not apply to Kato's motion. The court agrees that Kato's motion is appropriately made and decided under Rule 60(b).

Kato contends that it has paid Roboserve $312,687.22 in concessions earned from January 1, 1994, through June 30, 1996, and that another payment would be made in August 1996. Kato argues that the only basis for these payments was the concession agreement between Kato and Roboserve, the wrongful termination of which resulted in the judgment for Roboserve in the amount of $722,500. Kato contends that because these payments were made subsequent to judgment, they should be deemed made in partial satisfaction of the judgment.

■ Roboserve contests Kato's motion, arguing that Kato is precluded from raising the issue under the "law of the case" doctrine, and that, in any event, the amounts paid by Kato following the judgment were not made in satisfaction of the judgment. Roboserve claims that Kato raised this exact issue twice, once before the trial court in post-trial motions and once before the Seventh Circuit on appeal from the judgment. Roboserve argues that because neither court reduced the damages for wrongful termination by amounts paid or payable by Kato, each court

necessarily rejected Kato's argument. Therefore, Kato cannot seek to have the issue decided by this court.

Under the "law of the case" doctrine, once a court either expressly or by necessary implication decides an issue, the decision becomes binding in subsequent proceedings before the court or a lower court. *See Key v. Sullivan,* 925 F.2d 1056, 1060 (7th Cir.1991). However, it is "critical to determine what issues were actually decided" in the earlier proceedings in order to define the law of the case. *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 231 (7th Cir.1988) (citing *Gertz v. Robert Welch, Inc.,* 680 F.2d 527, 533 (7th Cir.1982), *cert. denied,* 459 U.S. 1226, 103 S.Ct. 1233, 75 L.Ed.2d 467 (1983)), *cert. denied,* 493 U.S. 847, 110 S.Ct. 141, 107 L.Ed.2d 100 (1989). "As a general rule, the doctrine does not extend to issues not presented" in the earlier proceedings. *Parts and Electric Motors,* 866 F.2d at 231 (citing *Conway v. Chemical Leaman Tank Lines,* 644 F.2d 1059, 1062 (5th Cir.1981) (quoting *Lehrman v. Gulf Oil Corp.,* 500 F.2d 659, 663 (5th Cir.1974), *cert. denied,* 420 U.S. 929, 95 S.Ct. 1128, 43 L.Ed.2d 400 (1975)); *Gertz,* 680 F.2d at 533).

The extent of Kato's argument before the trial court and Seventh Circuit is as follows: "[A]ll revenues paid [or payable] to Roboserve from the use of its bars at HRC after January 1, 1994 [or March 1, 1993] [ought to] be set-off against the verdict." (Pl.'s Opposition to Def.'s Am. Mot. to Set Amount to be Paid in Satisfaction of Judgment on Wrongful Termination Claim Ex. B at 11; Ex. C at 24.)

In the earlier proceedings, Kato did not base its short and unsupported argument on Rule 60(b), and it did not set forth the nature or extent of its payments to Roboserve subsequent to the judgment or explain why these payments should be set off against the judgment. Thus, Kato did not present to the courts in the earlier proceedings the same issue it now raises before this court. Consequently, this court does not find that the trial court or Seventh Circuit "by necessary implication" decided the issue, raised so cursorily before those courts, that is now before this court. Accordingly, the court rejects Robo-

serve's argument that the "law of the case" doctrine bars the partial relief from judgment that Kato seeks.

Roboserve also contends that the post-judgment payments made to Roboserve by Kato were for the use of the Robobars remaining at HRC, and not for payment on the judgment. Roboserve argues that Kato wrongfully terminated the concession agreement with Roboserve, and did not cure its breach or return the Robobars to Roboserve after termination. Rather, Kato continued to use and enjoy the benefits of the Robobar system and pay Roboserve what it thought was owed for the use of the Robobars. Thus, the payments that Kato made to Roboserve were simply for Kato's continued use of the Robobars still installed at HRC; they were not payments pursuant to the concession agreement, which had been terminated, and not payments on the judgment.

It appears to the court that Roboserve is making a false distinction between the nature of the judgment and the nature of the post-judgment payments from Kato. According to Kato, the damage award of $722,500 on the wrongful termination claim represented the present value of amounts to be paid to Roboserve by Kato under the concession agreement for a five-year period following the termination of the concession agreement. Roboserve does not contest this description of the nature of the damages award.

However, rather than treat the wrongful termination for what it was—the end of both the concession agreement and the parties' business relationship under the concession agreement—both Kato and Roboserve treated the concession agreement as if it were at least partially still in force. While Kato did not return the Robobars to Roboserve upon termination of the concession agreement, Roboserve did not seek return of the Robobars. And while Kato continued to use the Robobars and pay concessions to Roboserve pursuant to paragraph 2(2) of the concession agreement, Roboserve accepted the payments for more than two and a half years.

At the time the judgment for wrongful termination was entered in favor of Roboserve, the concession agreement was pre-

sumed terminated. If it were terminated, Kato would have had to pay Roboserve $722,-500 plus interest to compensate Roboserve for the concession payments Roboserve would have received had the concession agreement not been terminated. However, because Kato continued to use the Robobars and pay Roboserve the amounts due under the concession agreement, Roboserve received, in the form of concessions, some of the money that it was due according to the verdict and judgment on its wrongful termination claim.

Thus, Roboserve is not also entitled to the full amount of the judgment awarded to it. To allow Roboserve the full amount of the judgment on the wrongful termination claim, while also allowing it to collect some concession payments as if the concession agreement had not been terminated, would be "neither logical or equitable." (See Pl.'s Opposition to Def.'s Am. Mot. to Set Amount to be Paid in Satisfaction of Judgment on Wrongful Termination Claim at 1.)

Accordingly, the court grants Kato's motion to set the amount to be paid in satisfaction of the judgment on the wrongful termination claim. The amount remaining to be paid in satisfaction of the judgment on the wrongful termination claim is as follows: $722,500, plus interest pursuant to 28 U.S.C. § 1961, less concessions earned and paid by Kato to Roboserve from January 1, 1994, to the present. In accordance with the foregoing calculation, the parties are to submit to the court on or before September 13, 1996, a stipulation of the exact amount currently remaining to be paid in satisfaction of the judgment on the wrongful termination claim.