Lloyd ATWOOD, et al.,
Plaintiffs–Appellants,

v.

UNION CARBIDE CORPORATION, Drake Towing Company, Inc., and Brent Towing Company, Inc., Defendants–Appellees.

No. 87–4640.

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1988.

Rehearing Denied Sept. 23, 1988.

Russell S. Gill, Biloxi, Miss., for plaintiffs-appellants.

Robert M. Contois, Jr., New Orleans, La., James O. Dukes, Gulfport, Miss., for Union Carbide.

Lawrence E. Abbott, Michael G. Cordes, Gary P. Landry, New Orleans, La., for Drake & Brent.

ON PETITION FOR REHEARING

(Opinion June 21, 5th Cir.1988, 847 F.2d 278)

Before GEE, RUBIN and SMITH, Circuit Judges.

PER CURIAM:

Our opinion of June 21, 1988, dismissed the appeal and granted, in part, the motions for damages by awarding double costs and partial attorneys' fees. We directed appellees' counsel to furnish affidavits setting forth their costs and attorneys' fees. At about the same time that appellees' counsel were filing the requested affidavits, appellants' counsel presented his petition for panel rehearing on the motion for damages (but not questioning our dismissal of the appeal).

■ Counsel for Union Carbide Corporation presents an affidavit for 14.9 hours of work on this appeal from January 11

through June 20, 1988, for a total of $1,341.00, or an average of $90.00 per hour. We find the hourly rate and number of hours to be reasonable. Non-taxable costs are asserted to be $1,019.13.

■ Counsel for Drake Towing Company, Inc., and Brent Towing Company, Inc., has submitted an affidavit for 89.5 hours' work (also January 11 through June 20) for a total of $9,845.00, an average of $110.00 per hour. Non-taxable costs are $694.69.

We find Drake and Brent's hourly fee reasonable but its total number of hours—six times as many as Union Carbide's—appears excessive. Candidly, counsel has furnished us with his actual client billings. It is evident from those bills that the work done on the eight files (one for each appellant) overlapped a great deal and that the total hours worked were spread among the eight files more or less evenly, ranging from 10.3 hours for the lowest to 12.4 for the highest. So while Union Carbide's attorney spent a total of 14.9 hours for the eight files (an average of 1.9 hours per file), Drake and Brent's counsel averaged 11.2 hours per file. While the work that needed to be done for the respective appellees may have differed somewhat, the disparity here—a ratio of about 6 to 1—is too great to overlook.

It is not clear whether the high number of hours worked for Drake and Brent is the result of inefficiency or multiple billings, but in either event, we cannot determine that billing 89.5 hours on this appeal for the five months in question was reasonable. Moreover, this is an appeal which appellees claim to be frivolous. In particular, they assert, and we have agreed, that on the basis of our opinion in *Humphries* and *Clay*, the appellants cannot prevail. It is difficult to understand how defending so frivolous an appeal could require anywhere near 89.5 hours' effort (which does not include an additional approximately 37 hours of work prior to January 11, 1988). Finally, we note that many of the issues covered in the instant appeal were briefed in the related *Bush* appeals, so the briefs in the present case should not have taken much additional time in preparation.

On petition for rehearing, appellants' counsel argues that he made efforts to communicate with his clients and to advise them to drop the appeal. The respective appellants either could not be reached or, in at least one instance, refused to dismiss the appeal. Although we appreciate the dilemma an attorney faces when a client refuses to terminate a frivolous matter, appellants' counsel had other ethical options which he did not pursue. Nor did he respond to the briefing deadline of March 14, 1988, set by this court.

Because of the special circumstances which appellants' attorney has identified now for the first time on petition for rehearing, and in light of apparently excessive billings claimed by one appellees' counsel, we deem it appropriate to assess attorneys' fees that are more than nominal but considerably less than fully compensatory. And instead of double costs, we award single taxable costs and single non-taxable costs.

■ Counsel for the appellants shall pay to Union Carbide, from his own resources, $500.00 attorneys' fees, plus $1,019.13 non-taxable costs. He shall pay to Drake and Brent, jointly, $500.00 attorneys' fees, plus $694.69 non-taxable costs. Taxable costs normally charged by the clerk against the losing party shall be assessed in this case jointly and severally against the appellants and their attorney.

We reiterate that the adjustments made here are on the basis of the special circumstances of this case. There may be frivolous appeals in which no fees should be awarded, and others in which, as we have ordered in the past, appellants should pay fully compensatory attorneys' fees plus double costs. Counsel for the appellants in this case is admonished to abide more closely, in the future, by the rules and instructions applicable to the practice of law in this court.

The petition for rehearing is in all other respects DENIED.