United States Court of Appeals,

Fifth Circuit.

No. 91–3845.

Kenneth J. ARENSON, Plaintiff–Appellant,

v.

SOUTHERN UNIVERSITY LAW CENTER, B.K. Agnihotri, and Aaron Harris,
Defendants–Appellees.

June 18, 1992.

Appeal from the United States District Court for the Middle District of Louisiana.

Before WISDOM, SMITH, and EMILIO M. GARZA, Circuit Judges.


JERRY E. SMITH, Circuit Judge:

Kenneth Arenson appeals the order of the district court granting a new trial in his civil rights suit. We hold that the order is an interlocutory one over which we have no jurisdiction and dismiss the appeal.


I.

This is not the first time that these parties have appeared before us. *See Arenson v. Southern Univ. Law Center,* 911 F.2d 1124, *cert. denied,* —— U.S. ——, 111 S.Ct. 1417, 113 L.Ed.2d 470 (1991). Arenson, a white visiting assistant professor at predominantly black Southern University Law Center, was not appointed to a tenure track position in 1986. He sued the school, its chancellor, B.K. Agnihotri, and Professor Aaron Harris, the Chairman of its Tenure and Promotion Committee,[1] under 42 U.S.C. §§ 1981 and 1983 and Title VII, 42 U.S.C. § 2000e *et seq.* In 1989, after the district court granted the university's motion for summary judgment on the basis of Eleventh Amendment immunity, a jury found for Arenson on his section 1981 and 1983 claims against Harris and Agnihotri, awarding him $65,000. SULC filed a motion for judgment notwithstanding the verdict (j.n.o.v.) or for a new

---

[1]We refer to the defendants collectively as SULC.

trial. The district court entered a j.n.o.v. but did not rule on the motion for new trial.

On appeal, we reversed the j.n.o.v. After the Supreme Court denied certiorari, SULC requested that the district court rule on the motion for new trial. The district court granted the motion. Arenson then asked the previous Fifth Circuit panel to recall its mandate and order the district court to enter judgment on the verdict. After the panel declined to do so, Arenson filed this appeal.

## II.

An order granting a new trial is an interlocutory order, not a final judgment, and thus is generally not appealable under 28 U.S.C. § 1291. *E.g., Wiggs v. Courshon,* 485 F.2d 1281, 1282 (5th Cir.1973). Arenson argues, though, that we may review such an order where the appellant challenges not the wisdom of the district court's action, but the court's power to act. *Phillips v. Negley,* 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013 (1886).

Arenson correctly argues that the district court erred under Fed.R.Civ.P. 50(c) in not making a conditional ruling on the motion for new trial when the motion was initially before the court. Because SULC did not bring this error to the court's attention, or to our attention when the case was originally before us, Arenson argues that SULC waived its right to gain a ruling on the motion after we reversed the district court's judgment. *See, e.g., Atwood v. Union Carbide Corp.,* 847 F.2d 278, 280 (5th Cir.) (per curiam), *reh'g granted in part on other grounds,* 850 F.2d 1093 (5th Cir.1988) (per curiam), *cert. denied,* 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989) (issues not raised are considered waived). Thus, according to Arenson, SULC waived its motion, and the district court had no jurisdiction to consider it.

We do not accept Arenson's argument. Although *Phillips,* 117 U.S. at 671–72, 6 S.Ct. at 903, does establish that an order granting a new trial is subject to appellate review where the

jurisdiction of the court to grant the order is in question, the instant matter is not such a case.[2] Although Arenson presents his argument as a jurisdictional one, it is not.

Several courts indeed have ruled that where a party neglects to reiterate a motion for new trial after a district court fails to rule on the motion when it grants j.n.o.v., the court of appeals may regard that motion as abandoned. *See, e.g., Oberman v. Dun & Bradstreet,* 507 F.2d 349, 353 (7th Cir.1974). Nevertheless, no court has held that such failure deprives a district court of jurisdiction. Waiver goes to the ability of a party to make a particular argument, not to jurisdiction. Although we express no opinion as to the merits of the arguments expressed before the district court, we conclude that that court had jurisdiction over the matter.

Although it was within our power to reverse the judgment of the district court and order entry of judgment for Arenson, thus effectively ruling on the motion for new trial, *see, e.g., Oberman,* 507 F.2d at 353, or to remand so that the district court could rule on the motion, we elected not to do so, as our mandate did no more than reverse the judgment. The district court regained jurisdiction over the case upon our issuance of the mandate. *United States v. Dozier,* 707 F.2d 862, 864 n. 2 (5th Cir.1983). Nothing in our prior opinion deprived the district court of jurisdiction or of the ability to decide matters not decided on appeal. Accordingly, the grant of the motion for new trial is interlocutory, and we are without jurisdiction until a final, appealable judgment has been entered.

APPEAL DISMISSED.

---

[2]We note that the cases Arenson cites refer not to situations in which the court would have had jurisdiction, absent a party's waiver or abandonment of its argument, but to cases such as those in which the district court's jurisdiction had lapsed because of the passage of time under Fed.R.Civ.P. 59.