Isabel OTERO, Plaintiff–Counter–
Defendant–Appellant,

v.

BRIDGEPORT HOUSING AUTHORI-
TY and Clarence Craig, Defendants–
Counter–Claimants–Appellees,

Joseph Papa, Jose Colon, Roy Boyd,
Anita Wells and Earl Mellow,
Defendants.

No. 03–7663.

United States Court of Appeals,
Second Circuit.

May 11, 2004.

John T. Bochanis, Daly, Weihing & Bo-
chanis, Bridgeport, CT (Thomas J. Weih-
ing), for Appellant, of counsel.

Ralph W. Johnson III, Halloran & Sage
LLP, Hartford, CT (Thomas P. O'Dea,
Jr.), for Appellees, of counsel.

Present: JACOBS, STRAUB, and
WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED** that the appeal is **DIS-
MISSED.**

Isabel Otero appeals from an order en-
tered in the United States District Court
for the District of Connecticut (Dorsey, *J.*),
granting defendants' motion for a new tri-
al. This Court previously reversed the
district court's grant of judgment as a
matter of law in favor of the Bridgeport

Housing Authority and Clarence Craig (collectively "defendants"). *Otero v. Bridgeport Hous. Auth.*, 297 F.3d 142, 151–54 (2d Cir.2002). We remanded for the district court to decide various alternative motions, including defendants' motion for a new trial. *Id.* at 154. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.[1]

An appeal from a district court's grant of a new trial is interlocutory and ordinarily does not confer appellate jurisdiction. *E.g., Binder v. Long Island Lighting Co.,* 57 F.3d 193, 201 n.2 (2d Cir.1995) ("Of course, where a district court merely grants such a motion without more, there is no appealable final judgment."). Otero claims, however (for the first time on appeal), that this Court has appellate jurisdiction, under *Phillips v. Negley,* 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013 (1886), because the district court lacked jurisdiction to grant a new trial.

While this Court would possess jurisdiction to review the district court's grant of a new trial if entered "after [the district court] ha[d] lost jurisdiction of the cause," *Larsen v. Wright & Cobb Lighterage Co.,* 167 F.2d 320, 322 (2d Cir.1948), this is not such a case. Although the district court violated Fed.R.Civ.P. 50(c)(1) by not ruling conditionally on defendants' motion for a new trial, and defendants failed to press the district court for a conditional ruling, the district court's power to grant a new trial was not thereby impaired.

The district court expressly declined to rule on the motion for a new trial when it granted judgment as a matter of law; in their previous brief before this Court, defendants emphasized this fact and there-

fore requested that the Court "remand the case for resolution of [defendants' alternative] motions." We granted that request and remanded rather than merely order the district court to reinstate the jury's verdict. This was consistent with "our broad power in this area"; although "a remand is not automatic," it is well established that "appellate courts often remand such cases to the trial court for reconsideration of the motion for a new trial." *Grant v. Hazelett Strip–Casting Corp.,* 880 F.2d 1564, 1571 (2d Cir.1989) (internal quotations omitted); *see also Arenson v. S. Univ. Law Ctr.,* 963 F.2d 88, 89–90 (5th Cir.1992) (dismissing for lack of jurisdiction a party's appeal from an order granting a new trial, which followed the Fifth Circuit's reversal of a grant of judgment notwithstanding the verdict, despite the district court's earlier noncompliance with Fed.R.Civ.P. 50(c)(1)).

Accordingly, we lack jurisdiction to review the district court's grant of a new trial. We express no view on the merits of that order.

For the foregoing reasons, Otero's appeal is hereby DISMISSED.

1. The caption is hereby amended to reflect that defendants Joseph Papa, Jose Colon, Roy Boyd, Anita Wells, and Earl Mellow are not parties to this appeal. We previously con-

cluded that Otero had waived the right to challenge the district court's judgment in favor of these defendants. *Otero,* 297 F.3d at 144.