# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10555
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2014

Lyle W. Cayce
Clerk

JANET CUMMINGS SMITH,

Plaintiff–Appellant

v.

JP MORGAN CHASE BANK, N.A.,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
U.S.D.C. No. 3:13-CV-4533

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

This is a mortgage case arising under Texas state law. Plaintiff–Appellant Janet Cummings Smith appeals the district court's decision dismissing her Texas state law claim under Federal Rule of Civil Procedure 12(b)(6) as time-barred. The parties agree that the suit was filed more than four years after the cause of action accrued and that this case is indistinguishable from our decision in *Priester v. JP Morgan Chase Bank, N.A.*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10555

708 F.3d 667 (5th Cir.), *cert denied*, 134 S. Ct. 196 (2013) in which we affirmed a district court's dismissal of a similar claim as time-barred after four years. Smith argues that this Court in *Priester* made an *Erie* guess that has not been ratified by the Texas Supreme Court, and, therefore, *Priester*, and the Texas case it relies on, "is not controlling." Constrained by our prior precedent under our rule of orderliness, we disagree and affirm.

## I.    JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review the district court's final judgment. 28 U.S.C. § 1291. The district court had diversity jurisdiction under 28 U.S.C. § 1332. We apply Texas substantive law and federal procedural law to the state law claims. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

"We review a district court's dismissal under Rule 12(b)(6) de novo, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs.'" *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (citation omitted). "To survive dismissal pursuant to Rule 12(b)(6), plaintiffs must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II.    DISCUSSION

The dispute in this case is over a home equity line of credit that Defendant–Appellee JP Morgan Chase Bank, N.A. (JP Morgan) extended to Smith in exchange for a lien on her home. Smith asserts JP Morgan's lien is invalid under article XVI, § 50(t) of the Texas Constitution because the principal on the loan exceeds fifty percent of the fair market value of her home. Smith argues the district court erred in dismissing this claim as time-barred. JP Morgan counters that the Texas "residual four year statute of limitations applies to claims a home equity loan violates the Texas constitutional

requirements regarding home equity loans."  JP Morgan cites our decision in *Priester*, 708 F.3d at 674.  We agree with JP Morgan.

Article XVI, § 50 of the Texas Constitution provides that a second lien on a home is invalid "if the total principal amount outstanding exceeds . . . 50 percent of the fair market value of the homestead."  Section 16.051 of the Texas Civil Practice and Remedies Code provides that "[e]very action for which there is no express limitations period . . . must be brought not later than four years after the day the cause of action accrues."  In *Priester*, we concluded this section of the Civil Practice and Remedies Code and its four-year "limitations period applies to constitutional infirmities."  708 F.3d at 674.

As noted above, the parties agree that this suit was filed more than four years after the action accrued.  But Smith contends that our decision in *Priester* was a wrongly decided *Erie* guess.  Maybe so, but "[i]t is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law."  *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).  As three other panels have previously noted, there has been no change in the law that would allow us to overturn the *Priester* decision.[1]  On the contrary, subsequent Texas

---

[1] *Bormio Invs., Inc. v. U.S. Bank Nat'l Ass'n*, No. 14-10548, 2014 WL 4668390, at *1 (5th Cir. Sept. 22, 2014) (per curiam) ("Bormio does not dispute that if *Priester* applies, the statute of limitations has run.  Instead, it argues that the subsequent Texas Supreme Court case of *Finance Commission of Texas v. Norwood*, 418 S.W.3d 566 (Tex. 2014) demonstrates that *Priester* was wrongly decided. . . .  Neither party has cited, and we have not located, any case that would represent an intervening change in the law allowing us to reconsider *Priester*; accordingly, under our rule of orderliness, we are bound by *Priester*."); *Bormio Invs., Inc. v. USBC Bank USA Nat'l Ass'n*, No. 13-11311, 2014 WL 2924915, at *2 (5th Cir. June 30, 2014) (per curiam) ("The four-year residual limitations period continues to apply to claims [under the Texas Constitution], and, having failed to file within four years of the accrual of this action, the Plaintiffs' claims are time-barred."); *Moran v. Ocwen Loan Servicing, L.L.C.*, 560 F. App'x 277, 279 (5th Cir. 2014) (per curiam) (rejecting the plaintiffs' argument "that *Priester* is not controlling because it is incorrect," because under the rule of orderliness, the court had "no occasion to revisit *Priester*").

No. 14-10555

decisions have followed *Priester*'s reasoning and validated its holding. *Williams v. Wachovia Mortg. Corp.*, 407 S.W.3d 391, 397 (Tex. App.—Dallas 2013, pet. denied) ("We find the Fifth Circuit's analysis persuasive." (citing *Priester*, 708 F.3d at 674)).[2]

Therefore, the four-year residual limitations period continues to apply to claims of this nature, and Smith's claims are time-barred.

### III.    CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

### IV.    SANCTIONS

We notice that Smith's counsel, Mark A. Swaim, of the Swaim Law Office in Irving, Texas has pressed this same argument on behalf of different clients in two other appeals before this Court, and each time this Court has swiftly rejected the argument. *See Bormio Invs., Inc.*, 2014 WL 4668390, at \*1 ("Bormio does not dispute that if *Priester* applies, the statute of limitations has run. Instead it argues . . . that *Priester* was wrongly decided."); *Bormio Invs., Inc.*, 2014 WL 2924915, at \*2 ("The Plaintiffs contend that *Priester* was wrongly decided under an *Erie*-guess analysis."). One of these panels recently cautioned Mr. Swain "not to file frivolous appeals," but ultimately concluded "that sanctions [were] not warranted in [that] case." *Bormio Invs., Inc.*, 2014 WL 4668390, at \*1.

Federal Rule of Appellate Procedure 38 authorizes the award of damages and single or double costs if an appeal is frivolous, and federal courts of appeals

---

[2] *See also Wood v. HSBC Bank USA, N.A.*, No. 14-13-00389-CV, 2014 WL 3747618, at \*4, \*7 (Tex. App.—Houston [14th Dist.] July 31, 2014, no pet. h.) ("We too find the *Priester* court's analysis persuasive not only because of its sound reasoning, but also because its conclusion comports with Texas Supreme Court precedent . . . .  We conclude that the [Texas Civil Practice & Remedies Code] section 16.051 four-year statute of limitations applies to the Woods' constitutional claims.").

"can sanction an appellant for a frivolous appeal *sua sponte*." *Conner v. Travis Cnty.*, 209 F.3d 794, 801 (5th Cir. 2000) (per curiam). An appeal is frivolous if it is "entirely devoid of colorable merit." *See Coghlan v. Starkey*, 852 F.2d 806, 811–12 (5th Cir. 1988) (supplemental opinion) (per curiam). We also have the authority to order counsel for the appellants to pay attorney fees and costs from his or her own resources. *See Atwood v. Union Carbide Corp.*, 850 F.2d 1093, 1094 (5th Cir. 1988) (per curiam).

The Appellant's argument borders on frivolity; however, in light of the timing of the two prior decisions of this Court,[3] we cannot say this appeal is "entirely devoid of colorable merit." *See Coghlan*, 852 F.2d at 812. But because the judgment of the district court is affirmed, costs are taxed against the appellant consistent with Federal Rule of Appellate Procedure 39(a)(2). In light of the repetitive arguments advanced by counsel for the Appellant without notice to the Court of their rejection, *see* Fed. R. App. P. 28(j), we HEREBY ORDER counsel for the Appellant to pay the costs taxed against the Appellant from his own resources. *See Atwood*, 850 F.2d at 1094. We again caution Mr. Swaim "not to file frivolous appeals." *Bormio Invs., Inc.*, 2014 WL 4668390, at *1.

---

[3] The first rejected appeal was filed six days after Mr. Swain filed Smith's appellant brief in this case.