**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3952
_____

NINA SHAHIN; MAZEN SHAHIN,
                                                            Appellants

v.

PNC BANK NA, Local Branch at 87 Greentree Drive, Dover, DE 19904
& Corporate Headquarters in Pittsburgh, PA;
ANDREW ROGAN, Assistant Manager of Dover Branch;
LEGHSA COPETILLO, Manager of Dover Branch
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-13-cv-01404)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 3, 2017

Before: RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed: March 3, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellants Mazen and Nina Shahin appeal from orders of the United States District Court for the District of Delaware, dismissing their complaint and denying their motion for reconsideration. For the reasons that follow, we will affirm.

In 2013, the Shahins filed a complaint against PNC Bank, as well as its Dover, Delaware branch manager and assistant manager, alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3605, 3617; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq.; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.; the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, et seq.; and the regulations implementing those statutes. The action stemmed from the Shahins' unsuccessful attempt to obtain a home equity loan from Dover PNC branch. The District Court dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(6). On August 24, 2015, we affirmed in part, and remanded the matter to the District Court with directions to allow the Shahins an opportunity to amend their complaint to state a claim for relief under TILA, unless it determined that amendment would be inequitable, futile, or untimely. See C.A. No. 15-1405. On September 15, 2015, a certified judgment was issued in C.A. No. 15-1405, indicating that it was "to be treated in all respects as a mandate."[1]

In accordance with this Court's judgment, in an order entered October 7, 2015, the District Court reopened the case and provided the Shahins with an opportunity to amend

---

[1] The mandate was docketed in both this Court and the District Court on September 15, 2015.

their complaint by November 2, 2015. The order also admonished that the case would be closed absent the filing of an amended complaint. After the Shahins failed to file an amended complaint, the District Court entered an order on December 11, 2015, dismissing the complaint. On December 28, 2015, the Shahins filed a "motion for reargument" in which they argued that the District Court lacked jurisdiction to enter its October 6, 2015 order because they had filed a motion to recall the mandate, a motion for enlargement of time, and a petition for rehearing with this Court in C.A. No. 15-1405, and "only one Court can have [ ] jurisdiction over the process . . ." The District Court construed the motion as seeking reconsideration pursuant to Fed. R. Civ. P. 59(e), and denied it, concluding that it had jurisdiction when it entered its order. This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over the grant of a motion to dismiss, see Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004), and we review an order denying a motion for reconsideration for abuse of discretion, see Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015).

Contrary to the Shahins' arguments in this appeal, there is no "discrepancy about jurisdiction." Pursuant to Fed. R. App. P. 41(c), a mandate is effective when it is issued. The Shahins filed an untimely petition for rehearing in this Court in C.A. No. 1405; only

_____

[2] Because the Shahins' timely appeal from the denial of their motion for reconsideration "brings up the underlying judgment for review," we will review the District Court's dismissal of the complaint, as well as its denial of the motion for reconsideration. McAlister v. Sentry Ins. Co., 958 F.2d 550, 552-53 (3d Cir. 1992).

3

a timely petition for rehearing will work to stay the mandate.[3] See Fed. R. App. P. 41(d)(1). The District Court acquired jurisdiction over the matter upon issuance of the mandate from this Court on September 15, 2015. See United States v. Rivera, 844 F.2d 916, 921 (2d Cir. 1988) ("Simply put, jurisdiction follows the mandate"); Arenson v. S. Univ. Law Ctr., 963 F.2d 88, 90 (5th Cir. 1992) (a "district court regain[s] jurisdiction over [a] case upon our issuance of the mandate"); see also 3-28 J. Moore, et al., Moore's Manual: Federal Practice and Procedure § 28.94[2] (2016) ("Once the mandate is issued, the circuit court's appellate jurisdiction formally ends. . . . [T]he district court is [then] required to take any action consistent with the mandate . . ."); see also Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 97-98 (3d Cir. 1988) (appeal becomes final when Clerk of Circuit Court of Appeals issues certification in lieu of a mandate). The District Court therefore properly exercised its jurisdiction when it entered its order providing leave to amend on October 7, 2015, and its order dismissing the complaint on December 11, 2015.

As we recognized in the initial appeal, the complaint as presented failed to state a claim for relief. Accordingly, absent amendment pursuant to our remand, the District

---

[3] The Shahins maintain that they "submitted" a petition for rehearing with this Court in C.A. No. 15-1405, on September 10, 2015. This Court's docket indicates that a petition for rehearing, a motion for enlargement of time, and a motion to recall the mandate were filed on October 16, 2015. (Initial deficiencies in the motions were corrected, and the motions were denied in an order entered on November 18, 2015.) Even assuming the Shahins had filed a petition for rehearing on September 10, 2015, it would still be untimely. See Fed. R. App. P. 40(a)(1) (petition for rehearing may be filed within 14 days after entry of judgment).

Court had no reason to further consider the complaint and thus properly dismissed it. For substantially the reasons provided by the District Court, the Shahins' arguments for reconsideration of the dismissal are meritless. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (noting that arguments previously rejected provide no basis for relief under Rule 59(e)).

Based on the foregoing, we will affirm the District Court's orders dismissing the complaint and denying the motion for reconsideration.