# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10604

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2017

Lyle W. Cayce
Clerk

OCWEN LOAN SERVICING, L.L.C.,

Plaintiff - Appellee

v.

ROBERT M. BERRY,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before STEWART, Chief Judge, and KING and DENNIS, Circuit Judges.

KING, Circuit Judge:

This case concerns a dispute between a borrower and lender over a home equity loan. The lender filed this lawsuit seeking a judgment allowing it to foreclose, and the borrower asserted affirmative defenses and a counterclaim alleging numerous violations of the Texas Constitution's home equity loan provisions. The district court granted summary judgment for the lender, finding, *inter alia*, that the borrower's affirmative defenses and counterclaim alleging violations of the Texas Constitution's home equity loan provisions were barred by a four-year statute of limitations. Finding that the application of a four-year statute of limitations was in error, we VACATE and REMAND.

No. 16-10604

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Defendant–Appellant Robert Berry took out a loan from Overland Mortgage, L.P. that was secured by a lien on his home.  Plaintiff–Appellee Ocwen Loan Servicing, L.L.C. eventually acquired Overland's interest in the loan.  In 2010, a Notice of Default and Intent to Accelerate was sent to Berry following missed payments.  In June 2013, a Notice of Acceleration was sent to Berry after he failed to cure the default.

In September 2014, Ocwen filed its original complaint in this action, seeking a judgment allowing it to foreclose on the property.  In November 2014, Berry filed his answer, which included as an affirmative defense the allegation that Ocwen's security interest is unenforceable because there were multiple violations of Article 16, section 50(a)(6) of the Texas Constitution.  In May 2015, Ocwen filed its first amended complaint (FAC), adding, *inter alia*, a cause of action for equitable subrogation and asserting that Berry's affirmative defense alleging violations of the Texas Constitution was barred by the statute of limitations.

Berry filed an answer and counterclaim to the FAC the next month, asserting once again the affirmative defense that Ocwen's security interest is unenforceable due to violations of section 50(a)(6) of the Texas Constitution and adding a counterclaim that "[t]he extension of credit was made in violation of the Texas Constitution for the reasons reflected in Affirmative Defenses and the alleged lien is invalid on its face."  In its answer to the counterclaim, Ocwen asserted, *inter alia*, that Berry's allegations were "barred, in whole or in part, by the applicable statute of limitations.  In particular, his Counterclaim was filed more than four years after the closing of the subject loan and his Counterclaim is subject to a four-year limitations period."  Berry then filed a first amended answer and counterclaim, adding more detail and allegations to

the affirmative defense and slightly changing the wording of the counterclaim.[1] In its amended answer to the counterclaim, Ocwen once again asserted that Berry's claims were barred by the statute of limitations.

In August 2015, Ocwen and Berry each moved for summary judgment. The district court granted Ocwen's motion for summary judgment and denied Berry's motion for summary judgment. In relevant part, the district court found that Ocwen had cited to evidence in support of its assertions that it was the owner of the loan and had followed the proper procedures to foreclose on the property. The district court then recognized that—rather than respond to or dispute this evidence—Berry instead argued that the loan was invalid because of numerous alleged violations of the Texas Constitution committed by Ocwen's predecessor in interest during the closing of the loan. Berry had argued that, although Fifth Circuit precedent would normally apply a four-year statute of limitations to his constitutional arguments had he filed the lawsuit, his arguments were raised as affirmative defenses and as a counterclaim. Therefore, according to Berry, they were timely under Tex. Civ. Prac. & Rem. Code § 16.069,[2] and alternatively, under the theory of recoupment. The district court held, however, that the alleged violations of the Texas Constitution were barred by a four-year statute of limitations, rejecting Berry's argument that he could rely on section 16.069 to avoid the statute of limitations. The district court explained that, although it was unclear whether Berry, a counterclaimant, was required to specifically reference section 16.069 in his counterclaim, Berry not only had failed to cite section 16.069 in his

---

[1] The counterclaim now stated, in relevant part, that "[t]he extension of credit was made in violation of the Texas Constitution for the reasons reflected in Affirmative Defenses and the alleged lien and note are invalid."

[2] Section 16.069 states, in relevant part, that "[i]f a counterclaim . . . arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim . . . even though as a separate action it would be barred by limitation."

amended counterclaim, but he also had failed to mention avoidance of the statute of limitations in theory.  Accordingly, the district court held that Berry's argument in reliance on section 16.069 was waived because he was required to, at the very least, affirmatively plead his theory of avoidance regarding the statute of limitations.

Berry then filed a motion for reconsideration.  Treating Berry's motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), the district court denied the motion.

Berry timely filed a notice of appeal.

## II.  STANDARD OF REVIEW

We review "[a] grant of summary judgment . . . *de novo*, applying the same standard on appeal that is applied by the district court."  *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting *Coliseum Square Ass'n v. Jackson*, 465 F.3d 215, 244 (5th Cir. 2006)).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We also review "a district court's determinations of state law *de novo*."  *Lozovyy v. Kurtz*, 813 F.3d 576, 580 (5th Cir. 2015).

## III.  THE STATUTE OF LIMITATIONS

After the parties filed their appellate briefs, we requested and received supplemental letter briefs from the parties addressing what impact, if any, the Texas Supreme Court's recent decision in *Wood v. HSBC Bank USA, N.A.,* 505 S.W.3d 542 (2016), has on this appeal.  In *Wood*, which was decided after the district court's grant of summary judgment but prior to the filing of appellate briefs, the Texas Supreme Court held that no statute of limitations applied to a borrower's quiet title action alleging that a lien securing a home equity loan was invalid because of violations of section 50(a)(6) of the Texas Constitution.  *Id.* at 547–51.  Neither party had previously addressed *Wood*.  In his letter

brief, Berry argues that *Wood* makes clear that no statute of limitations applies to his affirmative defenses and counterclaim alleging violations of section 50(a)(6) of the Texas Constitution.  Ocwen concedes that *Wood* abrogated in part prior Fifth Circuit precedent applying a four-year statute of limitations to such claims, namely *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674 (5th Cir. 2013), but argues, *inter alia*, that Berry waived any argument relying on *Wood* by failing to include such an argument in his opening brief.

We first turn to Ocwen's contention that Berry waived any argument that relies on *Wood* because he failed to discuss it in his opening brief. According to Ocwen, *Wood* was decided several months before Berry filed his opening brief, and therefore, Berry had the opportunity to include an argument regarding *Wood* but failed to do so.  Although Ocwen correctly identifies the general rule that issues not briefed are waived, "the issues-not-briefed-are-waived rule is a prudential construct that requires the exercise of discretion." *See United States v. Miranda*, 248 F.3d 434, 443 (5th Cir. 2001).  In this case, although Berry did not include an argument specifically about how *Wood* affects this case, the issue of what, if any, statute of limitations applies to Berry's constitutional arguments was the focus of his entire opening brief. Specifically, Berry contended in his opening brief that the district court erred in applying a four-year statute of limitations because (1) his counterclaim was timely, regardless of the four-year statute of limitations, under Tex. Civ. Prac. & Rem. Code § 16.069, or alternatively, (2) no statute of limitations applied given that his constitutional arguments are in the nature of recoupment. Moreover, if we were to consider only the arguments in Berry's opening brief regarding section 16.069 and recoupment, we would necessarily have to presume that the four-year statute of limitations would otherwise apply to Berry's arguments.  In other words, if no statute of limitations applied to Berry's arguments in light of *Wood*, there would be no need to consider whether

his constitutional allegations avoided the now nonexistent four-year statute of limitations based on section 16.069 or the theory of recoupment.  Finally, the issue of *Wood*'s application is a pure question of law.  *See New Orleans Depot Servs., Inc. v. Dir., Office of Worker's Comp. Programs*, 718 F.3d 384, 387–88 (5th Cir. 2013) (en banc) (stating that a pure question of law is "a well-settled discretionary exception to the waiver rule").  For these reasons, we exercise our discretion to decide this purely legal issue notwithstanding the fact that Berry did not discuss it in his opening brief.

We next turn to whether, in light of *Wood*, the district court erred in applying a four-year statute of limitations to Berry's affirmative defenses and counterclaim alleging violations of section 50(a)(6) of the Texas Constitution.  Because this is a diversity case, we apply Texas law regarding the statute of limitations.  *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 373 (5th Cir. 2011).  At the time that the district court granted summary judgment, Fifth Circuit precedent applied Texas's residual four-year statute of limitations to allegations such as Berry's.  *See Priester*, 708 F.3d at 674.  In *Priester*, we considered whether a limitations period applied to alleged violations of section 50(a)(6) of the Texas Constitution.  *Id.* at 673.  Section 50(a)(6) does not state whether a limitations period applies, and thus, we were required to decide whether Texas's residual four-year statute of limitations applied.  *Id.*; Tex. Civ. Prac. & Rem. Code § 16.051 ("Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.").  Recognizing that the Texas Supreme Court had not yet directly addressed the issue, we analyzed, *inter alia*, Texas court of appeals decisions and concluded that the four-year statute of limitations applied.  *Priester*, 708 F.3d at 673–74.  In subsequent decisions, we have declined to overturn *Priester*, noting that there had been no change in law that would allow us to do so.  *See, e.g.*, *Smith*

*v. JP Morgan Chase Bank, N.A.*, 594 F. App'x 221, 222 (5th Cir. 2014) (per curiam) ("As three other panels have previously noted, there has been no change in law that would allow us to overturn the *Priester* decision.").

However, in May 2016, such a change of law occurred when the Texas Supreme Court decided *Wood*. Although "[a] panel of this court cannot 'overturn' the decision of another panel," "[i]n diversity cases, . . . we are to follow subsequent state court decisions that are clearly contrary to a previous decision of this court." *Farnham v. Bristow Helicopters, Inc.*, 776 F.2d 535, 537 (5th Cir. 1985); *see also Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1373 (5th Cir. 1994) ("[T]his court also employs a rule in diversity cases that overrules our prior precedent when there is a significant change in the applicable state's substantive law."). In *Wood*, the Texas Supreme Court directly addressed whether a statute of limitations applies to a quiet title action alleging violations of section 50(a)(6). 505 S.W.3d at 547–51. As part of its analysis of the issue, the Texas Supreme Court explicitly cited and rejected the reasoning in *Priester*. *Id.* at 548. Ultimately, the Texas Supreme Court held that constitutionally noncompliant home equity liens are invalid (before the defect is cured) and that no statute of limitations applied to a quiet title action alleging such violations. *Id.* at 547–51. Accordingly, we now must follow the Texas Supreme Court's holding in *Wood* that no statute of limitations applies to a borrower's allegations of violations of section 50(a)(6) of the Texas Constitution in a quiet title action, rather than our prior holding in *Priester*.

Thus, the district court erred in finding that Berry's affirmative defenses and counterclaim alleging violations of section 50(a)(6) of the Texas Constitution were barred by a four-year statute of limitations. Indeed, in light of *Wood*, the parties seem to agree that no statute of limitations applies to

No. 16-10604

Berry's arguments.[3]  Although *Wood* concerned a borrower's quiet title action, Ocwen has not argued that *Wood*'s statute of limitations holding should not be applied to Berry's arguments simply because they were asserted as affirmative defenses and as a counterclaim.  *Cf. Carrington Mortg. Servs., LLC v. Hutto*, No. 14-15-00442, 2017 WL 592120, at *3–4 (Tex. App.—Houston [14th Dist.] Feb. 14, 2017, no pet. h.) (applying *Wood*'s holding where borrowers alleged violations of section 50(a)(6) as defenses to lender's foreclosure action).  We express no opinion on the merits of Berry's constitutional arguments.[4]

## IV.  CONCLUSION

For the foregoing reasons, the judgment of the district court is VACATED, and the case is REMANDED to the district court.  Each party shall bear its own costs.

---

[3] In its letter brief, Ocwen conceded that *Wood* partially abrogated *Priester*.  Ocwen did not argue that *Wood* is distinguishable from the instant case.

[4] Ocwen also argued in its letter brief that the grant of summary judgment should be affirmed because Berry did not challenge on appeal Ocwen's alternative argument regarding equitable subrogation.  However, the district court explicitly did not reach this alternative argument because it had already found that Berry's arguments were time-barred.  On remand, the district court may wish to consider the arguments that it did not previously reach.