**Annamalai ANNAMALAI, Plaintiff-Appellant**

v.

**Parvathi SIVANADIYAN, Defendant-Appellee.**

**No. 17-20282 Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed March 6, 2018

---

**410**

Annamalai Annamalai, Pro Se

Parvathi Sivanadiyan, Pro Se

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM: *

Annamalai Annamalai ("Annamalai"), proceeding pro se and in forma pauperis ("IFP"), filed a complaint and arbitration demand in the district court pursuant to 9 U.S.C. § 4 seeking to compel Parvathi Sivanadiyan ("Sivanadiyan") to arbitrate a dispute on an allegedly defaulted obligation to pay Annamalai $10,000 a week as long as he should live and thereafter to his daughter for her life. The district court dismissed the complaint as malicious under 28 U.S.C. § 1915(e)(2)(B)(i), concluding that it was duplicative of a lawsuit previously filed in the Southern District of Indiana against Sivanadiyan.[1] Additionally, pursuant to § 1915(g), the district court revoked Annamalai's IFP status, citing five civil actions filed by Annamalai in various federal courts that have been dismissed as frivolous or malicious.[2] Further, after surveying Annamalai's remarkably litigious history, the district court imposed $100 in sanctions and warned Annamalai that the filing of other vexatious or frivolous motions or pleadings would result in additional sanctions. Annamalai thereafter filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which the district court promptly denied, imposing further sanctions in the amount of $500. Annamalai timely appealed. We review a dismissal under § 1915(e)(2)(B)(i) for abuse of discretion,[3] and a denial of a Rule 59(e) motion under the same standard.[4]

On appeal, Annamalai contends that the district court was required to enter final judgment pursuant to Federal Rule of Civil Procedure 68 because Sivanadiyan had made an offer of judgment. However, we do not reach his substantive argument. Because Annamalai appeared IFP in the district court, the district court was obligated to "dismiss the case at any time" if it determined that the action or appeal was "frivolous or malicious."[5] In *Pittman v. Moore*, we held that a district court may dismiss a lawsuit as "malicious" if the suit "duplicates allegations of another pending federal lawsuit by the same plaintiff."[6] Because Annamalai filed a nearly-identical suit in another forum before filing his suit in the district court,[7] the district court did not abuse its discretion either in dismissing the complaint as malicious or in deny-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. *See Annamalai v. Sivanadiyan*, 1:16-cv-03415-WTL-DKL (S.D. Ind. Mar. 20, 2017).

2. These include: (1) *Annamalai v. Rajkumar*, No. 16-cv-4491 (S.D.N.Y. June 15, 2016); (2) *Annamalai v. Reynolds*, No. 1:16-cv-1373 (N.D. Ga. July 8, 2016); (3) *Annamalai v. Paramasivam*, No. 1:16-cv-6079 (N.D. Ill. July 13, 2016); (4) *Annamalai v. United States*, No. 16-815 (Fed. Cl. July 22, 2016); and (5) *Annamalai v. United States*, No. 16-816 (Fed. Cl. July 19, 2016).

3. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

4. *Edward H. Bohlin Co. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993).

5. 28 U.S.C. § 1915(e)(2)(B)(i).

6. 980 F.2d 994, 995 (5th Cir. 1993).

7. He argues below in his Rule 59(e) motion that he voluntarily withdrew his suit in the Southern District of Indiana the day before the district court issued its final judgment by virtue of the mailbox rule, though the withdrawal was not filed until more than a month later. However, as he fails to brief this argument on appeal, we consider this felicitous argument waived. *See Ocwen Loan Servicing, L.L.C. v. Berry*, 852 F.3d 469, 472 (5th Cir. 2017).

ing Annamalai's Rule 59(e) motion as frivolous.[8]

An appeal may be frivolous "if the result is obvious or the arguments of error are wholly without merit."[9] Annamalai has been warned by the district court below and in multiple other forums that frivolous filings and complaints may result in monetary sanctions.[10] Indeed, he has been sanctioned extensively.[11] Nevertheless, Annamalai persists in filing a deluge of meritless actions in this circuit and others; accordingly, we impose an additional monetary sanction of $500 for filing this appeal.

For these reasons, we AFFIRM the opinion of the district court.

---

8.   *See Pittman*, 980 F.2d at 995.

9.   *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988).

10.   *See, e.g., Annamalai v. Seireveld*, No. 2:17-cv-00274-WTL-MJD, 2018 WL 500612, at *2 (S.D. Ind. Jan. 22, 2018); *Chinnathambi v. Cwalina*, No. 1:10-CV-02830-RLV-JCF, 2013 WL 12239521, at *5 (N.D. Ga. Aug. 7, 2013).

11.   *See, e.g., Annamalai v. Moon Credit Corp.*, 4:16-cv-01277 (S.D. Tex. Sept. 22, 2016).