# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2023

Lyle W. Cayce
Clerk

No. 22-20224

Zhang Yang,

*Plaintiff—Appellant*,

*versus*

Nobilis Health Corporation; Harry Fleming; David Young; Kenneth J. Klein,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC 4:19-CV-145

Before Stewart, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Zhang Yang appeals the district court's decision to deny his request for relief from judgment under Rule 60(b). *See* Fed. R. Civ. P. 60(b). Because we hold that the district court did not abuse its discretion in denying Yang's motion because of his reliance on alleged evidence he obtained from a third-party complaint, we AFFIRM.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20224

## I.    BACKGROUND[1]

### A.    *Yang's Initial Suit & Appeal*

Yang filed a class action suit in federal district court against Nobilis Health Corporation and various officers within the corporation (collectively "Nobilis"). He alleged that Nobilis misrepresented and hid its financial failings and missteps in communications to the public and shareholders in violation of federal securities laws. The district court referred the case to a magistrate judge, who recommended that Yang failed to: (1) plausibly allege actionable misrepresentation and (2) properly plead scienter under the Private Securities Litigation Reform Act ("PSLRA"). The district court rejected the magistrate judge's recommendation on Yang's failure to plead misrepresentation but adopted its conclusion that he did not plead scienter. Accordingly, the district court dismissed the case and Yang appealed.

On appeal, a panel of this court considered whether Yang adequately pleaded scienter under the PSLRA's heightened pleading standards. *See Yang v. Nobilis Health Corp.*, No. 20-20538, 2021 WL 3619863 (5th Cir. Aug. 13, 2021); *see also* 15 U.S.C. § 78u-4(b)(2)(A) (requiring plaintiffs in a securities fraud action to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind"). First, the panel examined Yang's allegations against Nobilis' corporate officers individually. *See Yang*, 2021 WL 3619863 at *2. It concluded that his complaint failed to make a single allegation, standing alone, that supported a strong inference of scienter. *Id.* Second, the panel conducted a holistic review of Yang's complaint to determine if all the scienter allegations, taken

---

[1] The underlying facts of this dispute were covered in one of our previous decisions. *See Yang*, 2021 WL 3619863. Therefore, we only provide the most pertinent facts to the current dispute herein.

together, sufficed to meet the heightened pleading standard. *Id.* It again concluded that Yang failed to establish scienter. Ultimately, the panel affirmed the district court's dismissal.

### B.    *Yang Files a Rule 60(b) Motion During His Appeal*

As this court was considering Yang's appeal on scienter, he moved for relief from the district court's judgment under Rule 60(b). He based his motion on alleged concessions and statements Nobilis made in other proceedings. The district court did not consider his Rule 60(b) motion until eight months after the panel affirmed its dismissal for failure to plead scienter. In light of the panel's final judgment on Yang's appeal, the district court concluded that it lacked jurisdiction and declined to grant or deny his motion. *See Yang v. Nobilis Health Corp.*, No. 20-20538, 2022 WL 991991, at *1 (S.D. Tex. Apr. 1, 2022) (declining to address Yang's Rule 60(b) motion because "the case [was] no longer on appeal . . . [and] the Fifth Circuit never ordered [the district court] to indicate whether it would be inclined to grant or deny the Rule 60(b) motion")).

In the alternative, the district court explained that if it had jurisdiction over the merits of Yang's motion, it would deny the motion because: (1) the new evidence that he offered wholly relied on a complaint from a separate case that the parties eventually settled; and (2) he offered no evidence of misconduct to support his Rule 60(b)(3) claim that Nobilis made improper factual attacks on the accounts of the confidential witnesses in the case. *See Yang*, 2022 WL 991991 at *2 (internal quotations omitted). Yang timely appealed.

On appeal, Yang asks us to consider whether the district court erred in concluding that it lacked jurisdiction to address his Rule 60(b) motion. If we determine that the district court erred on jurisdiction, he asks that we also consider whether: (1) the district court erred in declining to consider Nobilis'

No. 22-20224

statements in a third-party's complaint; and (2) he properly pleaded scienter with the inclusion of Nobilis' statements from the third-party complaint.

## II.    Standard of Review

We review a district court's decision to grant or deny relief under Rule 60(b) for abuse of discretion. *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (quoting *Kennedy v. Tex. Utils.*, 179 F.3d 258, 265 (5th Cir. 1999)).

## III.    Discussion

### A.    *Jurisdiction*

Yang argues that the district court erred in concluding that it lacked jurisdiction over his Rule 60(b) motion. He asserts that because we did not address the content of his motion on appeal, the district court had jurisdiction do so. We agree.

Rule 60(b)(2) permits courts to relieve parties from a final judgment or order when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Rule 60(b)(3) allows the same relief if an opposing party engages in fraud, misrepresentation, or misconduct. Generally, plaintiffs may seek relief from a judgment under Rule 60(b) even when that judgment is on appeal. *See, e.g.*, *Winchester v. U.S. Attorney for S. Dist. of Tex.*, 68 F.3d 947, 949 (5th Cir. 1995). However, once an appeal is initiated, it divests the district court of jurisdiction over the merits of a Rule 60(b) motion, "except to take action in aid of the appeal." *Travelers Ins. Co. v. Liljeberg Enters.*, 38 F.3d 1404, 1413 n.3 (5th Cir. 1994). Once we have resolved the case on appeal, "the district court re-assumes jurisdiction." *BHTT Ent., Inc. v. Brickhouse Café & Lounge,*

*LLC*, 858 F.3d 310, 313 (5th Cir. 2017) (citing *Arenson v. S. Univ. Law Ctr.*, 963 F.2d 88, 90 (5th Cir. 1992)).

In *Standard Oil Company of California v. United States*, the Supreme Court clarified that a district court that reassumes jurisdiction following an appellate court's mandate is not required to obtain leave to consider post-judgment motions. 429 U.S. 17, 18 (1976). The Court acknowledged that "in the past both [it] and many Courts of Appeals have required appellate leave before the District Court could reopen a case which had been reviewed on appeal." *Id.* It explained, however, that "the arguments in favor of requiring appellate leave [were] unpersuasive" because "the appellate mandate relate[d] to the record and issues then before the court, and does not purport to deal with possible later events." *Id.* Accordingly, it concluded that "the district judge is not flouting the mandate by acting on" a post-judgment motion that contained content not considered on appeal. *Id.* (citing 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2873, pp. 269-270 (1973)).

Here, the district court abused its discretion by declining to address Yang's motion on jurisdictional grounds. In accordance with *BHTT*, the district court reassumed jurisdiction over Yang's post-judgment motions once the mandate issued in his appeal. *See* 858 F.3d at 313. In turn, under *Standard Oil*, the district court was free to either grant or deny his motion because it presented information not considered by this court on appeal. *See* 429 U.S. at 18. Thus, the district court erred in determining that it lacked jurisdiction over his motion.

While jurisdiction was the district court's primary basis for denying Yang relief, it was not the only grounds that it provided. *See Yang*, 2022 WL 991991 at *2 (explaining that "in the event this Court does have jurisdiction

to consider Plaintiff's motion, the Court denies the motion"). We next address the district court's alternative basis for denial of his motion.

### B.    *Yang's Argument on the Merits*

### 1.    *The District Court's Alternative Reasons for Denial*

Yang advanced two arguments in his Rule 60(b) motion before the district court. First, that allegations made in a third-party complaint ("the BBVA complaint") against Nobilis proved that the company acted with scienter when allegedly misrepresenting its finances and its ability to collect on its account receivables.[2][3] Second, that Nobilis made "improper factual attacks" on the accounts offered by confidential witnesses. The district court considered each argument and denied his motion.[4]

On Yang's reliance on third-party pleadings, the district court explained that he could not depend on evidence obtained from a third-party's complaint because the Fifth Circuit has "made clear that a complaint is not evidence of the charges contained in it." *Yang*, 2022 WL 991991 at *2 (citing *American Cancer Soc. v. Cook*, 675 F.3d 524, 529 (5th Cir. 2012)). Regarding his second contention, it first examined that Rule 60(b)(3) required him to "muster clear and convincing evidence (1) that [Nobilis] engaged [in] fraud or other misconduct and (2) that this misconduct prevented [him] from fully

---

[2] *See BBVA USA v. Fleming et al.*, No. 3:20-cv-01708-M, ECF No. 1-3 (N.D. Tex. June 26, 2020).

[3] Notably, this case was never litigated because the parties settled the dispute out of court.

[4] Yang fails to adequately argue that the district court abused its discretion in denying his Rule 60(b)(3) assertions because he failed to point to "improper factual attacks" of the confidential witnesses in his primary brief on appeal. Consequently, he has waived consideration of that argument. *See Roy v. City of Monroe*, 950 F.3d 245, 251 (5th Cir. 2020) ("Failure adequately to brief an issue on appeal constitutes waiver of that argument.").

and fairly presenting his case." *Id.* (citing *Nat'l City Golf Fin., a Div. of Nat'l City Com. Cap. Co., LLC v. Scott*, 899 F.3d 412, 418–19 (5th Cir. 2018)). Ultimately, it held that he "offer[ed] no evidence of misconduct to support his [Rule 60(b)(3)] claims." *Id.*

2.     *Whether the District Court Erred By Not Considering Nobilis'*
*Statements in a Third-Party Complaint*

Yang argues that the district court abused its discretion when it denied considering alleged statements and concessions Nobilis made in the BBVA complaint. He argues that *Turner v. Cincinnati Insurance Company* and *United States v. Gluk* prove that the district court could have relied on third-party pleadings to establish that Nobilis acted with scienter, as required by the PSLRA. 9 F.4th 300, 315 (5th Cir. 2021); 831 F.3d 608 (5th Cir. 2016). We disagree.

Whether a third-party's pleadings constitute admissible evidence has been repeatedly litigated in this court.[5] The relevant inquiry focuses on the way a plaintiff seeks to use the third-party pleadings and how the pleadings came into existence. *See, e.g.*, *Turner*, 9 F.4th at 315. We first examine *United States v. Gluk*, a securities-fraud case that Yang asserts supports granting his Rule 60(b) motion. *See* 831 F.3d at 608. There, we permitted the inclusion of third-party documents created by the SEC because they were admissible under the public record exception to the hearsay rule. *See id.* at 614 (permitting the admission of facts from a third-party document when they were "factual findings from a legally authorized investigation" by the SEC).

Additional guidance on the admissibility of third-party pleadings is also found in the insurance context, where we routinely rely on these types

---

[5] *See, e.g.*, *Cook*, 675 F.3d at 529; *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 315–17 (5th Cir. 2021); *United States v. Gluk*, 831 F.3d 608, 614–15 (5th Cir. 2016).

of pleadings to determine insurance companies' duties to defend or indemnify policyholders. For example, in *Turner* the parties contested whether a third-party pleading sufficed to determine an insurance company's duty to indemnify. 9 F.4th at 315. We explained that a district court may admit a third-party pleading as extrinsic evidence in this context when it is "not concerned with the accuracy of the *facts* in the complaints filed in the two different lawsuits." *Id.* (emphasis in original). We further highlighted that this principle was especially relevant in an insurance proceeding involving the mere "evidence of relatedness" of the two complaints. *Id.*

Here, the district court did not abuse its discretion when it concluded that Yang could not rely on allegations made in the BBVA complaint as new evidence for proving scienter. Yang's reliance on *Gluck* is misplaced. First, he provides no legal authority to support that the information in the BBVA complaint is admissible hearsay under the public record exception, or any other hearsay exception. Even if he could reconcile that deficiency, *Gluck* only supports the conclusion that facts determined through an official SEC investigation are admissible as evidence in litigation directly or indirectly tied to that investigation. *See* 831 F.3d at 613–14. But the BBVA complaint is not an official SEC document, nor does it cite to any SEC investigations. So, the district court correctly decided not to rely on the BBVA complaint as reliable evidence of scienter.

*Turner* is similarly unhelpful to Yang's argument. First, the instant appeal is not an insurance dispute. Much of this court's rationale in *Turner* relied on the fact that third-party pleadings have a special use in the insurance context. *See* 9. F.4th at 314 (noting that because insurance cases "frequently do not go to trial, the parties may offer extrinsic evidence to prove or negate the insurer's duty to indemnify if the underlying lawsuit never goes to trial or if trial does not develop the facts necessary to determine policy coverage"). Putting that aside, Yang's reliance on *Turner* is still unpersuasive because he

relies on the "accuracy of the *facts*" in the BBVA complaint. *Id.* at 315. Indeed, much of the argument in his brief on appeal relies on the BBVA complaint in a legally conclusory fashion. In *Turner*, we expressly rejected this exercise and only relied on the extrinsic third-party pleadings insofar as they evinced "evidence of relatedness" between the two state-court lawsuits. 9. F4th at 314–315.

In sum, the district court did not abuse its discretion when it denied Yang's motion because he relied on alleged statements made by Nobilis in third-party pleadings. *See Hesling*, 396 F.3d at 638; *Kennedy*, 179 F.3d at 265.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment dismissing Yang's Rule 60(b) motion.